## Cowell v. Borough of Penn Hills

*Judd F. Crosby,* for plaintiff.

*David I. Ainsman, Richard S. Dorfzaun, Jerome W. Kiger, James F. Manley* and *John R. Orie, Jr.* for defendants.

WETTICK, *J.,* May 5, 1982—This action was commenced by writ of summons. No complaint has been filed.

Pursuant to Pa.R.C.P. 4009, plaintiff requested each defendant to produce all writings relating to the events involving plaintiff which occurred at the

Ritzland Shopping Center in Penn Hills at 4:30 a.m. on May 24, 1981. Defendants failed to comply with plaintiff's request for production and presently before this court is plaintiff's motion for sanctions.

At oral argument on this motion, plaintiff's counsel advised the court and opposing counsel that this is a damage action for injuries that plaintiff allegedly sustained from being beaten by police officers employed by some or all of defendants. He stated that his reason for requesting the production of documents at this time is to discover which police officers and police departments were involved in the incident for purposes of preparing his complaint.

Initially, defendants contend that plaintiff's motion for production should be denied because it is necessary for the plaintiff to file a complaint before any production of documents may be ordered. In support of this position, defendants rely upon the following comment at Goodrich Amram 2d §4003.1:

"The discovery authorized by Rule 4001.3 is limited to matters relevant to the subject matter involved 'in the pending action.' Discovery procedures may not be resorted to for the purpose of commencing an action, nor does the availability of discovery excuse a plaintiff from pleading the essential material facts to support his cause of action."

Pa.R.C.P. 4009, which governs the production of documents, permits a party to serve a request to produce any documents "which constitute or contain matters within the scope of Rules 4003.1 through 4003.5 inclusive" (Rule 4009(a)(1)). Thus, defendants are correct in asserting that Rule 4003.1's limitations are applicable to plaintiff's motion to compel the production of documents. But Rule 4003.1 contains no limitations barring discovery until a complaint is filed. To the contrary, this rule permits the party to obtain discovery regarding

any matter relevant "to the subject matter involved *in the pending action*" (Emphasis added).

Defendants incorrectly assume that Rule 4003.1's limitation that discovery relate to a pending action requires that a complaint be filed before a plaintiff may engage in discovery. Pa.R.C.P. 1007 permits an action to be commenced by filing a praecipe for a writ of summons. Thus, plaintiff's filing of the praecipe commenced this action, so discovery is permitted under Rule 4003.1 so long as it is relevant to the subject matter of this action. And it is obvious that the writings which plaintiff requests—writings relating to the events in the Ritzland Shopping Center at 4:30 a.m. on May 24, 1981 involving plaintiff— are relevant to this damage action.[1]

Defendants also contend that plaintiff's motion for production must be denied because plaintiff did not include in his motion a brief statement of the nature of the cause of action and of the matters to be inquired. But this requirement is contained only in Rule 4007.1(c) which governs depositions by oral examination. Rule 4009, which governs the production of documents, contains no similar requirement. Consequently, Rule 4011 provides the only protec-

---

1. Also, defendants' contention that there can be no discovery until a complaint is filed is inconsistent with the provision of Rule 4007.1(c) which requires the purpose of the deposition and matters to be inquired into be stated in the notice of deposition if the action has been commenced by writ of summons and the plaintiff desires to take the deposition of any person upon oral examination for the purpose of preparing a complaint. The scope of discovery for a deposition upon oral examination is governed by Rule 4003.1. Consequently, unless Rule 4003.1 permits discovery prior to the filing of the complaint when an action has been commenced by a writ of summons, there would be no need for Rule 4007.1's notice requirement governing this situation.

tion available to a party on whom a motion for production has been served prior to the filing of a complaint. This rule permits a party through a motion for a protective order to seek a statement of the nature of the cause of action before responding to the motion to produce by showing that the interests of justice require that such information be furnished to protect this party from unreasonable annoyance, oppression, or burden. No motion for a protective order has been filed in this case. Furthermore, the filing of such a motion would be inappropriate because defendants already know the nature of plaintiff's claim.

Next we consider defendants' contention that the documents are protected by Rule 4011. Defendants contend that such documents are privileged through an executive privilege that bars disclosure of information that would be contrary to the public interest; that production would cause an unreasonable burden because the production of such documents would in the future discourage police departments from conducting internal investigations; that production would cause unreasonable embarrassment because individual police officers gave statements in reliance upon a guarantee of confidentiality; and, finally, that police officers who gave statements have a Fifth Amendment privilege against self-incrimination because of the possibility that criminal charges will result.

In the case of Azen v. Lampenfield, 18 D.&C. 3d 574, 129 P.L.J. 461 (1981), the City of Pittsburgh objected to producing a file covering an investigation by the city's Bureau of Fire Prevention of a fire that was the subject of the litigation on the ground that the file was protected by an executive privilege. This member of the court ruled (1) that any claim of executive privilege is subject to judicial review and

(2) that if there exists an executive privilege in a municipality, it is not broader than Rule 4011(b)'s protections barring any discovery that would cause unreasonable annoyance, embarrassment, oppression, burden, or expense to any person or party:

"It is possible that there exists in judicial proceedings a common law 'executive privilege' in a municipality barring disclosure of information that would be contrary to the public interest. See, e.g., the opinion in Mark's Appeal, 121 Pa. Super, 181, 183 A. 432 (1936), which, in protecting a city health department's records from production at trial on the grounds that they were inadmissible under the hearsay rule, contains language indicating that a department head may refuse to produce records in judicial proceedings if production would be injurious to the public welfare. But if such a privilege exists, its exercise is subject to court review and this privilege 'should be viewed cautiously by the judiciary' in light of the policy that discovery of relevant information shall only rarely be supressed. Reese v. City of Pittsburgh, supra at 708-12. Consequently, the protections from discovery afforded by any such privilege are encompassed within and would not be broader than Rule 4011(b)'s protections barring any discovery that would cause unreasonable annoyance, embarrassment, oppression, burden, or expense to any person or party. Thus so long as the discovery rules contain Rule 4011(b)'s protections from discovery, the courts need not consider whether in the absence of statute there exists in a municipal official any protections from disclosure of public information under the loosely defined rubric of 'executive privilege.' " 129 P.L.J. at 464.

Defendants' contention that their investigative files relating to the incident at the Ritzland Shopping Center are protected from discovery by Rule

4011(b) because their production will discourage police departments from conducting internal investigations is similar to the claims which defendants in personal injury actions frequently raise in opposition to discovery. It is a common practice for employers to investigate promptly incidents involving its employees which resulted in serious injury or death. Such investigations—whether conducted by a police department to determine if its officers acted properly, a hospital to determine the cause of a patient's unexpected death, a railroad to determine whether a product malfunctioned—are beneficial because they may result in the implementation of corrective measures. And it is frequently claimed that if the reports of such investigations are subject to discovery in litigation involving the incident, parties will either discontinue the practice of conducting these investigations or will conduct these investigations in a fashion that will emphasize the appropriateness of the party's actions. Thus, it is contended that internal investigations that are not prepared in anticipation of litigation should be protected from discovery by Rule 4011 in order to encourage honest, thorough, and critical investigations.

This court has previously rejected this argument. See, e.g., McKelvey v. St. Clair Memorial Hospital, 128 P.L.J. 25 (1979), where this member of the court ordered the production of a hospital investigative report prepared shortly after the accident. Also see Tataren v. Little, 2 D.&C. 3d 651, 656-7 (1977); 10 Goodrich-Amram 2d §4003.3:4.

The facts surrounding an incident are frequently within defendant's control. The favorable aspects of any investigation will certainly be utilized by the defendant in litigation involving this incident. A ruling that permits the defendant to protect from discovery

the unfavorable aspects of the investigation would give a substantial advantage to that party, thereby defeating the basic purpose of our discovery rules of giving each party the opportunity to learn of and examine the evidence prior to trial. See Nisley v. Pennsylvania Railroad Company, 435 Pa. 503, 259 A.2d 451 (1969). Moreover, the claim that the reports prepared in connection with an internal investigation that was not conducted in anticipation of litigation should be protected from discovery to encourage parties to conduct such investigations is primarily a claim of privilege on public policy grounds, and it is for the legislature—and not the courts—to create a new privilege on public policy grounds. Azen v. Lampenfield, supra; Tannenbaum v. May Department Store, 65 D.&C. 2d 700 (1974); Firschein v. Lafayette College, 7 D.&C. 3d 243 (1978).

Furthermore, the reasons that defendants offer for protecting internal investigations from discovery are outweighed by competing policy considerations where the investigation involves possible misconduct by law enforcement officers.[2] In the cases of Reese v. City of Pittsburgh, 1 D.&C. 3d 704 (1976) (Flaherty, J.) Bass v. Philadelphia, 10 D.&C. 3d 5 (1978), and Tataren v. Little, supra, the courts rejected the municipality's claim that the results of an internal police investigation of an incident involving alleged police misconduct should be protected from discovery in a personal injury action instituted by an alleged victim of the misconduct. The courts found that disclosure of the results of an investigation

2. In the present case, there is no claim that disclosure will hamper any criminal investigation or criminal prosecution. Such a claim would raise additional issues that we need not consider in this case.

should not discourage future internal investigations because a police department—unlike other potential defendants—has a duty to investigate fairly any complaints against its officers in the same fashion as it investigates any other complaints of criminal activity. Also, because damage actions arising out of police misconduct protect all citizens from the unlawful acts of the state, these opinions emphasized the need for disclosure of evidence that may substantiate the claim.

"This is a case in which the claim is essentially one of governmental criminal abuse of power. Such a claim raises problems not inherent in ordinary litigation between citizens, especially where the claim is against an agency itself involved in law enforcement. We believe that any such claim of criminal conduct should be investigated and, if appropriate, prosecuted as diligently as any other alleged crime . . . Such an investigation is part of the department's duty of investigating charges of crime. It is inherent in the law enforcement process that where a crime is reported to the police, they make at least a preliminary investigation to determine whether a charge is founded. Both general law enforcement and departmental discipline require such a determination in case of allegations against police officers. Such investigations are conducted at public expense and for the public benefit in pursuit of enforcement of the law . . . Thus, the issue before us, dealing as it does with a claim of abuse of power by the executive branch of government and the potential further abuse by concealing an alleged original abuse, is a grave one. We are in no sense prejudging the merits of plaintiff's claim in this instance; we are, however, concerned rather with interpreting and applying applicable law in light of the fundamental principle of 'checks and balances' inherent

in our form of government." 10 D.&C. 2d at pp. 7-9.

We also reject defendants' contention that the investigative files should be protected because police officers gave statements in reliance upon a guarantee of confidentiality. If we accepted this contention, we would be permitting litigants to exempt matters from discovery merely by guaranteeing confidentiality. Furthermore, it is not unfair to permit third parties to review these statements because the police officers were asked to do nothing more than is required in any other incident involving alleged unlawful activity—to make a statement setting forth what they know about the incident. In cases of police misconduct—as in any other criminal action—there will be no successful prosecution if police officers conceal essential facts. Consequently, there is no justification for recognizing relaxed reporting standards in these cases.

Finally, defendants' Fifth Amendment claim is without merit. A municipal corporation may not claim a Fifth Amendment right against self-incrimination. Moreover, no individual is being compelled to give testimony.[3]

For these reasons, we enter the following

### ORDER OF COURT

On this May 5, 1982, it is hereby ordered that defendants shall within ten days produce copies of all materials requested by plaintiff in his motion for production of documents.

---

3. If any police officers were compelled to give a statement under threat of dismissal, possibly the statement may not be used against them in criminal proceedings. Commonwealth v. Triplett, 462 Pa. 510, 341 A.2d 62 (1975). But this case law does not protect from discovery in a civil action a statement allegedly given under compulsion by a person who is not a party to the litigation.