Commonwealth *v.* Bayard, Appellant.

Argued November 14, 1972. Before Jones, C. J.,
Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*Henry J. Lunardi,* for appellant.

*J. Bruce McKissock,* Assistant District Attorney,
with him *Milton M. Stein,* Assistant District Attorney,
*Richard A. Sprague,* First Assistant District Attorney,
and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Nix, September 19, 1973:

The appellant, James Bayard, was charged with the
murder of one Heburn DuBose and, after a trial before
a judge and jury, he was convicted of murder in the
second degree. Appellant's post-trial motions were
denied and he was sentenced to serve a prison term of
eight to twenty years. This direct appeal follows.

Appellant now asserts that the Commonwealth's evidence was insufficient to support a verdict of second

degree murder. A reading of the record discloses the following facts: On June 20, 1971, the appellant and two friends, John Lark and William Starks, attended a carnival on the northeast corner of Twentieth Street and Girard Avenue in Philadelphia. At approximately 7:00 p.m., a heated quarrel developed between appellant and one Phillip Hudson, and the two determined to leave the carnival to fight in a small alley nearby. Hudson had been a member of a "gang" whose "turf" included the street corner in question, and appellant and his friends had been associated with a group from South Philadelphia. As the two left the carnival, each was accompanied by his respective friends.

The evidence is sharply conflicting at this point. Hudson testified for the Commonwealth that the group crossed to the west side of Twentieth Street and proceeded south to a car which was later identified as belonging to Lark. Lark then reached in an open window of the car on the driver's side, took out a pistol, and handed it to Bayard. Bayard went through the motions of loading the pistol and crossed to the east side of Twentieth Street, accompanied by Starks. Bayard and Starks confronted the victim, DuBose, who was identified as a member of the gang to which Hudson belonged, and after talking for several seconds, Bayard pulled the pistol from his pocket and fired at DuBose. Bayard and Starks then fled south on Twentieth Street.

The appellant took the stand in his own defense and admitted that he and Hudson had argued and that they had decided to leave the carnival to engage in a fist fight. From this point on his story differs materially from Hudson's. He stated that, as he and his friends approached Lark's car, members of Hudson's gang appeared from two directions carrying bottles, bricks and sticks, and crowded around them. Lark reached into the car and gave appellant a gun and

appellant attempted to make his way to the passenger's side of the car. The crowd refused to permit him to do so however, and appellant was backed across the street. Appellant maintained that he did not fire until he had been backed to the wall.

Our task on appellate review is to determine: "Whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted." *Commonwealth v. Paquette,* 451 Pa. 250, 301 A. 2d 837 (1973). See also, *Commonwealth v. Williams,* 450 Pa. 327, 329, 301 A. 2d 867 (1973); *Commonwealth v. Wright,* 449 Pa. 358, 360, 296 A. 2d 746 (1972); *Commonwealth v. Agie,* 449 Pa. 187, 296 A. 2d 741 (1972). The jury had the responsibility of accepting either the version of the Commonwealth or that of the defense. See, *Commonwealth v. Oates,* 448 Pa. 486, 295 A. 2d 337 (1972); *Commonwealth v. Reid,* 448 Pa. 288, 292 A. 2d 297 (1972); *Commonwealth v. Neal,* 447 Pa. 452, 290 A. 2d 922 (1972); *Commonwealth v. Pierce,* 446 Pa. 479, 288 A. 2d 807 (1972). Here, they obviously rejected the appellant's version and saw fit to accept the evidence offered by the Commonwealth. The events as described by Mr. Hudson clearly support a verdict of second degree murder. From his recitation of the facts there was ample evidence for the jury to determine that this was a malicious killing. *Commonwealth v. Nelson,* 396 Pa. 359, 152 A. 2d 913 (1959); *Commonwealth v. Malone,* 354 Pa. 180, 47 A. 2d 445 (1946) and *Commonwealth v. Thomas,* 403 Pa. 553, 170 A. 2d 112 (1961).

The second assignment of error addresses the prosecutor's reference during the course of his summation to the failure of the defense to call Mr. Lark as a witness. In his closing argument, the prosecutor suggested

to the jury that an adverse inference could be drawn because the appellant did not call this witness to support his version of the incident. We cannot agree with the appellant that this was error that requires a reversal. First, we note that no objection was made to this argument when it was first offered. Secondly, the defense did not make a specific request of the Court to instruct the jury as to the effect of the failure of a party to call a particular witness.

Equally as significant, sometime after the jury had begun its deliberation, they notified the Court of their need for additional instructions. One of the points for additional instructions was directed to the effect of the failure to call Mr. Lark by the defense as a witness. In response to this question the Court charged the jury in accordance with the suggestion of the defense. Under these facts we do not believe that the appellant at this time can be heard to complain.

The last assignment of error is directed to that portion of the supplemental charge wherein the court stated:

"If the defendant had anything to do with provoking the fight, self defense is out.

"If he used more force than was necessary—a gun, a lethal weapon—under the circumstances, self defense is out.

"If he had any means of escape, self defense is out." He argues that the first sentence of the above quotation was in error in that it improperly conveyed to the jury that the original aggressor could never successfully assert self defense. He urges that where the character of the encounter originally contemplated is materially altered to an unforeseeable level of violence by the actions of persons other than the original provocateur, the original provocation would not then be a bar preventing that person from using deadly force in the protection of his person. We do not feel that it is necessary

under the facts of this case to pass on the legal propriety of this proposition advanced by the appellant. In *Commonwealth v. Johnston*, 438 Pa. 485, 263 A. 2d 376 (1970), this Court attempted to explicitly set forth the standards for a successful self defense plea. There we stated: "The following conditions must be satisfied before one can successfully invoke the defense of self-defense: 17 P.L.E. Homicide §§45, 46; 40 C.J.S. Homicide §114. (1) The slayer must have been free from fault in provoking or continuing the difficulty which resulted in the killing: Commonwealth v. Minoff, 363 Pa. 287, 69 A. 2d 145 (1949). (2) The slayer must have reasonably believed that he was in imminent danger of death, great bodily harm, or some felony, and that there was a necessity to kill in order to save himself therefrom: Commonwealth v. Collazo, 407 Pa. 494, 180 A. 2d 903 (1962); Commonwealth v. Miller, 313 Pa. 567, 170 A. 128 (1934); Commonwealth v. Russogulo, 263 Pa. 93, 106 A. 180 (1919). (3) The slayer must not have violated any duty to retreat or avoid the danger: Commonwealth v. Collazo, supra.; Commonwealth v. Johnson, 213 Pa. 432, 62 A. 1064 (1906); Commonwealth v. Breyessee, supra." 438 Pa. at 489. Under the appellant's version it cannot be said that he avoided "provoking or continuing the difficulty which resulted in the killing." He voluntarily placed himself in a position where it was likely that he would become a participant in an affray that could reasonably have been expected to escalate to a "gang war". Nor can it be argued that the escalation which occurred under the appellant's version was unforeseeable when appellant agreed under these circumstances to participate in a street fight with a member of a rival gang in the presence of the members of the respective hostile groups. The proposition that the appellant is now advancing refers to a situation where the initial provocation would amount to no more than a minor infraction and that circum-

stances beyond his control and unforeseeable at the time of the initial provocation intervened and created a degree of violence of a substantial different character that would justify the initial offender in using deadly force. *Norrell v. State*, 116 Ga. App. 479, 157 S.E. 2d 784, 790 (1967). We therefore feel that even under the facts of the case offered by the defense the proposition now urged by the appellant is not applicable and therefore the Court's statement could not be considered prejudicial error.

The appellant also urges that the last sentence of the above quoted portion of the supplemental charge was erroneous and provides a basis for the granting of a new trial. He argues that the statement "any means of escape" suggested to the jury that the slayer was required to pursue any means of escape available before using a force dangerous to life even though such a course of action would have increased his peril. We readily agree that the law of this Commonwealth has never required an accused to elect an avenue of retreat where a reasonable prudent person would conclude that such a decision would increase his exposure to threatened harm. The jury must determine whether the facts as reasonably known to the slayer at that time would have justified the conclusion that he could have avoided the danger by a reasonably safe means. In such an event our law requires that he avail himself of that means of escape rather than using a deadly force to repel the attack. *Commonwealth v. Wrona*, 442 Pa. 201, 275 A. 2d 78 (1971); *Commonwealth v. Collazo*, 407 Pa. 494, 180 A. 2d 903 (1962). Reading the supplemental instructions together with the basic charge we are satisfied that the interpretation now suggested by the appellant was not conveyed to the jury and that they were properly and sufficiently instructed on the law of the duty to retreat.

Judgment of sentence is affirmed.

Mr. Justice ROBERTS concurs in the result.