341 A.2d 496

**COMMONWEALTH of Pennsylvania**

v.

**Gerald R. McCOMB, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 18, 1974.

Decided July 7, 1975.

506

David Zwanetz, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., John H. Isom, Asst. Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Mark Sendrow, Asst. Dist. Atty., Asst. Chief Appeals Div., Abraham J. Gafni, Deputy Dist. Atty. for Law, Deborah Glass, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

This is a direct appeal from the entry of the judgment of sentence of 2½ to 12 years imprisonment imposed under a voluntary manslaughter conviction. The single question raised is the adequacy and accuracy of the trial court's further instructions to the jury on the issue of self-defense. The sufficiency of the evidence to support a conviction for voluntary manslaughter has not been raised.

Gerald R. McComb, Appellant and Joseph Grosso, the deceased, had entered into an agreement which provided that the deceased was to care for appellant's dog for a stipulated weekly payment. Disagreement arose over a delinquency in the payment for the services performed by deceased. On February 17, 1973, the deceased confronted appellant, while he was in the course of his employment, and demanded the balance of the money that was then due him. The appellant promised that he would be able to pay the balance outstanding at 7:00 P. M. that evening. During this encounter, the deceased told the appellant that if he did not receive the money that evening he, the deceased, would fight for it.

Later in the afternoon of the same day, the deceased again met appellant by chance and demanded payment and threatened to drag appellant from the delivery truck on which he was working and take the money from him. Appellant then responded by stating that he had an ice pick, to which the deceased replied that if he (appellant) wanted to fight with weapons, he (deceased) would get a knife. At some point after this second encounter, appellant armed himself with a loaded revolver and then proceeded to finish making his deliveries.

At 7:00 P.M., the deceased, with two friends, drove to the place of appellant's employment. Appellant's employer, desirous of avoiding any difficulty within his store, suggested that appellant meet the deceased outside. The deceased left the vehicle alone. As appellant approached the point where deceased was standing, he withdrew a revolver from his pocket, firing twice, fatally wounding the deceased.

The appellant, in his statement to the police, attempted to explain his action by saying that he fired the weapon when the deceased approached him with something in his hand. Witnesses for the Commonwealth testified that no weapon was seen in the hands of the deceased at the time of the shooting.

██ During the course of the jury's deliberations, they communicated to the court their desire to receive additional instructions as to the definitions of murder in the second degree and voluntary manslaughter and a further clarification of the law of self-defense. At the conclusion of the instructions given in response to the jury's request, counsel for the defense requested:

> "I'm specifically requesting that your Honor state that as a matter of law, the mere possession of the weapon does not make one the aggressor nor the provocateur, nor does the possession of a weapon in the pocket of the defendant in his approaching the automobile to discuss the matter with the deceased make him the provocateur and aggressor . . ."

This request was complied with and the jury was so instructed. At the same time counsel for the defense also requested the court to instruct the jury:

> "And that even if originally one person is the aggressor, if he then ceases to be the aggressor and the other party becomes the aggressor, he would still not be the aggressor and he could successfully assert his self-defense."

It is the court's alleged failure to instruct the jury in accordance with this request that is now being assigned as error. The argument of the appellant ignores the fact that the trial court is not required to give a categorical affirmance of the requested jury instruction even where the statement of law therein is correct, particularly where the court in its sound discretion believes that additional information, not included in the requested point, is necessary to assist the jury in its understanding of the issue involved. *Commonwealth v. Pasco*, 332 Pa. 439, 446, 2 A.2d 736, 739 (1938); *Commonwealth v. Loesch*, 153 Pa. 502, 26 A. 208 (1893); *Pistorius v. Commonwealth*, 84 Pa. 158 (1877). The requested point, although it accurately states that during the course of an

encounter, the role of the initial aggressor may change, fails to set forth the circumstances which must be present which would allow him to reassert self-defense. These factors were crucial to the decision in this case.

▓▓ Additionally, the trial court is not required to accept the language of the point submitted by counsel but rather is free to select its own form of expression. The only issue is whether the area is adequately, accurately and clearly presented to the jury for their consideration. Compare, *Commonwealth v. Nelson,* 396 Pa. 359, 366, 152 A.2d 913, 917 (1959); *Commonwealth v. Clanton,* 359 Pa. 521, 526, 151 A.2d 88, 91 (1959).[1]

The record discloses that the defense counsel's principal concern was that the jury should be aware that the fact that the appellant approached the deceased with a weapon in his pocket did not necessarily force them to conclude that he was the aggressor and therefore prevent his assertion of the defense of self-defense. The requested point which was affirmed and given to the jury stated precisely this. Considering the further instructions as a whole, as we must, *Commonwealth v. Newsome,* 462 Pa. 106, 337 A.2d 904 (filed May 1975, J–169); *Commonwealth v. Walker,* 459 Pa. 12, 326 A.2d 311 (1974); *Commonwealth v. Stafford,* 451 Pa. 95, 301 A.2d 600 (1973), we are satisfied that the court clearly and adequately covered the law of self-defense and therefore was not required to adopt the second requested point verbatim. Compare, *Commonwealth v. Clanton, supra.*

▓ Next, appellant argues that during the course of the further instruction, the court made certain statements which created the impression that the jury should

1. It is for this reason we also reject appellant's assignment that it was error for the court to refuse the requested charge setting forth a definition of the term "aggressor". It is clear that during the course of the trial court's instruction it adequately defined "aggressor" as one who provokes, invites, asks for or seeks trouble.

look to the early events of the day (four or five hours before the actual slaying) in making its determination as to whether or not the appellant was the agressor during the final confrontation. Specifically the appellant objected to the following language:

"It is the totality of everything which took place from which you must decide whether or not the defendant was inviting trouble or whether he wasn't . . ."

As we have said on many occasions, before one can avail himself of the defense of self-defense, it must be shown a) the slayer was free from fault in provoking or continuing the difficulty which resulted in the slaying; b) that the slayer must have reasonably believed that he was in imminent danger of death, great bodily harm, or some felony and that there was a necessity to kill in order to save himself therefrom; and that c) the slayer did not violate any duty to retreat or to avoid the danger. *Commonwealth v. Edwards,* 448 Pa. 79, 85, 292 A.2d 361 (1972); *Commonwealth v. Bayard,* 453 Pa. 506, 511, 309 A.2d 579, 582 (1973); *Commonwealth v. Johnston,* 438 Pa. 485, 489, 263 A.2d 376, 379 (1970). Accord, *Commonwealth v. Daniels,* 451 Pa. 163, 301 A.2d 841 (1973); *Commonwealth v. Wrona,* 442 Pa. 201, 275 A.2d 78 (1971).

We disagree with appellant's assumption that the trier of fact should have considered only the events of final confrontation in determining the existence of the elements of self-defense. To determine the reasonableness of the use of a deadly force, the opportunity to retreat, the role of the accused in provoking or escalating the difficulty, the trier of fact is required, not only to evaluate the conduct of the appellant during the final confrontation but also to view it in light of those circumstances that preceded and precipitated that final confrontation. Compare *Commonwealth v. Bayard, supra.* We find that the trial court correctly identified the various factors the

jury had to consider in reaching a decision in the matter before them.

■ Finally, appellant contends that the trial court erred when it instructed the jury that the appellant had the burden of proving self-defense. The appellant premises his argument upon our decision in *Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974). This issue, however, has been waived since no exception was taken by defense counsel to the trial court's charge on this issue. See *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974); Pa.R.Crim.P. 1119(b), 19 P.S. (Appendix). See, also, *Commonwealth v. Williams,* 458 Pa. 319, 326 A.2d 300 (1974); *Commonwealth v. Light,* 458 Pa. 328, 326 A.2d 288 (1974); *Commonwealth v. Raison,* 458 Pa. 378, 326 A.2d 284 (1974).

Judgment of sentence affirmed.