516 A.2d 376

**COMMONWEALTH of Pennsylvania**

v.

**Rayfield ALVIN, Appellant.**

Superior Court of Pennsylvania.

Argued June 30, 1986.

Filed Oct. 14, 1986.

510

Donald Bronstein, Assistant Public Defender, Philadelphia, for appellant.

Elizabeth J. Chambers, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and WICKERSHAM, BROSKY, McEWEN, OLSZEWSKI, MONTEMURO, BECK, KELLY and JOHNSON, JJ.

KELLY, Judge:

In the instant case we are called upon to determine whether the law of justification regarding the use of deadly force in self-defense was changed by the enactment of 18 Pa.C.S.A. § 505(b)(2)(i) as part of the Consolidated Pennsylvania Statutes Act of 1972 and, if so, whether the trial judge committed an error of law by instructing the jury that, in order to justify the use of deadly force, the evidence must establish that the actor was free from fault in provoking or continuing the difficulty which resulted in the injury.

The appellant contends that, by borrowing language from § 3.04 of the Model Penal Code, the legislature altered and restricted the law of self-defense. The appellant argues the restriction limits the defense of justification to only those cases in which the actor *"with the intent of causing death or serious bodily injury,* provoked the use of force against himself in the same encounter...."* *See* 18 Pa.C.S.A. § 505(b)(2)(i). The appellant argues that in light of this change in the law of self-defense, the jury charge given by the trial court was incorrect, incomplete and unduly prejudicial, to the detriment of the appellant. The appellant, therefore, seeks a new trial.

The Commonwealth responds, alternatively, that: the appellant's claim was waived by the appellant's failure to submit written points for charge pursuant to Pa.R.Crim.P. 1119(a), and by failing to raise at trial the theory argued on appeal pursuant to 1119(b); the appellant's argument is without merit as the enactment merely codified the prior (common) law; and even if the instructions were in error,

the error was harmless beyond a reasonable doubt as the appellant's claims were insufficient as a matter of law to require any instruction on the law of self-defense.

Appellant counters that even if his claim was waived, it was waived due to ineffectiveness of counsel, and should be reviewed in that context. Upon review, we find that the issue was not properly preserved; however, counsel was not ineffective for failing to preserve the issue as the enactment of 18 Pa.C.S.A. § 505(b)(2)(i) did not change the prior law so as to render the trial court's jury instruction incorrect or incomplete. Accordingly, we affirm the judgment of sentence.

The facts relevant to our deliberations and supported by the record were summarized by the trial court as follows:

During the afternoon of November 13, 1982 the complainant, Andrew Smith, came out of the Pep Boys Store at Broad and Buttonwood Streets, Philadelphia, Pennsylvania, and got into his car which was parked on Buttonwood Street. The defendant's car was parked directly in front of Mr. Smith's car, and the defendant was standing by the rear of his car putting a gas cap on his car. As Mr. Smith was pulling his car out of its parking place, he heard the defendant yelling that someone should get Mr. Smith's license plate number and call the police. Mr. Smith got out of his car and the defendant walked over to him and accused Mr. Smith of trying to run him over. Mr. Smith denied striking the defendant with his car. The defendant put his hand in his shirt at about waist level and told Mr. Smith not to move or he would "blow his brains out." The defendant swung at Mr. Smith and Mr. Smith returned the blow. Thereafter, the defendant moved his car, blocking Buttonwood Street which is a one way street.

The complainant got back into his car and locked the doors. The defendant then broke the complainant's car windows with a metal bar. While the defendant was banging on the trunk of the complainant's car with the metal bar, the complainant started to get out of his car and call for help.

At that point, the defendant struck the complainant from behind with the metal bar, twice on the head and once on the shoulder. When the police arrived, the complainant was taken to Hahnemann Hospital.

As a result of the blows to his head, the complainant's skull was fractured and he suffered paralysis of the left leg. While hospitalized the complainant had surgery and a plate was inserted in his skull. At the time of trial, the complainant had recurring head pain and impaired movement of his left leg.

Trial Court Opinion at 2–3.

The appellant, Rayfield Alvin, was arrested on November 13, 1982, and charged with Aggravated Assault, Simple Assault, Recklessly Endangering Another Person, and Possessing Instruments of Crime. On February 28, 1982, a preliminary hearing was conducted before the Honorable Francis P. Cosgrove. The appellant was ordered to be held for trial on all charges.

On April 30, 1984, the appellant was brought to jury trial before the Honorable Levy Anderson. Following a five day trial, the jury returned verdicts of guilty on the charges of Aggravated Assault and Recklessly Endangering Another Person. A verdict of not guilty was returned on the Possessing Instruments of Crime charge. The Simple Assault charge was *nol prossed.*

Post-verdict motions were filed, argued, and denied. On October 19, 1984, the appellant was sentenced to a term of imprisonment of one and one-half to four years on the Aggravated Assault charge. Sentence was suspended on the Recklessly Endangering Another Person charge by reason of its merger into the Aggravated Assault charge. Appellant's motion to reconsider sentence was denied. Notice of appeal was timely filed.

## I.

Before proceeding to a review of the merits of the appellant's contention, we must consider the Commonwealth's

argument that the appellant waived his claim with regard to the alleged defect in the jury charge by failing to submit written points for charge and by failing to raise in the trial court the theory now urged on appeal.

At trial, counsel for the appellant did not submit written requests for instruction pursuant to Pa.R.Crim.P. 1119(a). However, counsel for appellant specifically objected to the trial court's instruction that:

> ... in order to justify the use of deadly force ... the evidence must establish first that the actor was free from fault in provoking or continuing the difficulty which resulted in the injury.

(N.T. 5/4/84 at 5.111).

Counsel requested that the charge be eliminated or that it be further defined. Counsel requested that the trial court instruct the jury that the fault must be caused by "an illegal action on his part or a fault that he could reasonably anticipate would cause the other person to take the action which he then had to defend himself against." (N.T. 5/4/84 at 5.121). The request was denied but an exception was noted by the court. (N.T. 5/4/84 at 5.121–5.122).

After the jury retired for deliberations, the jury requested that the court redefine the law of justification regarding self-defense. (N.T. 5/4/84 at 5.120). The trial court then proceeded to repeat its full self-defense instruction including "the free from fault" language to which counsel for appellant had previously objected. (N.T. 5/4/84 at 5.131–5.-135). Counsel for the appellant again objected to the "free from fault" language. He reiterated his argument that fault must arise from criminal conduct or from conduct which the actor could reasonably anticipate would result in a return of force. He contended that he could "get [the trial judge] cases right now out of the statute book [to support his argument]." (N.T. 5/4/85 at 5.135–137).

In his post-verdict motions the appellant, for the first time, raised the contention that 18 Pa.C.S.A. § 505(b)(2)(i) changed the prior law. The appellant relied on this novel theory, rather than prior case law, in challenging the trial

court's instructions on the law of self-defense. (Post Verdict Motions at 1–2).

■ Initially, we note that the failure of the appellant to file written points for charge does not *by itself* constitute a waiver of the appellant's objections to the charge. *See* Pa.R.Crim.P. 1119(a); *Commonwealth v. Bishop,* 472 Pa. 485, 372 A.2d 794 (1977); *Commonwealth v. Marshall,* 273 Pa.Super. 344, 417 A.2d 681 (1979). A specific oral objection made before the jury retires to deliberate is sufficient to preserve the issue for appellate review. *Marshall,* 273 Pa.Superior Ct. at 349–350, 417 A.2d at 683. Thus, the allegations raised by the appellant were not waived by his failure to present written points for charge in the trial court.

However, the Commonwealth further contends that the appellant waived his present claim by failing to raise and argue at trial the theory now urged on appeal. The Commonwealth argues that the appellant's objections in the trial court were not sufficient under Pa.R.Crim.P. 1119(b) to preserve for appellant review the issues raised in the present appeal. We agree.

■ At trial, appellant argued that the fault in provoking or continuing the dispute must be criminal or such that a return of force could be reasonably anticipated in order to negate the defense of justification, and claimed that his contentions could be supported with cases out of the statute book. On appeal, he argues that 18 Pa.C.S.A. § 505(b)(2)(i) changed the prior law. These contentions are separate and distinct theories which are not consistent. While the former argues in support of the existing law, the latter argues against it.

To accept the appellant's arguments on appeal we would have to ignore the well settled rule that appellate courts should not consider theories and issues not posited or argued in the court below. This we will not do. *See Commonwealth v. Hill,* 492 Pa. 100, 107, 422 A.2d 491, 495 (1980), *citing Commonwealth v. Ernst,* 476 Pa. 102, 107–

108, 381 A.2d 1245, 1247–1248 (1977) (Opinion in Support of Affirmance); *see also Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) (setting forth the factors compelling strict enforcement of this policy).

■■■ In *Commonwealth v. Mason*, 474 Pa. 308, 378 A.2d 807 (1977), our Supreme Court held that a party whose requested point, although erroneous, alerts the trial judge to an important issue in the case, does have a just cause for complaint if the law to which that point pertains is not otherwise correctly stated in the charge. However, this rule is inapplicable when the trial court correctly charged the jury in accordance with the then accepted jury instructions as to self-defense, and appellant seeks to raise on appeal a novel theory which was not presented in the trial court. *Accord Commonwealth v. Jackson*, 481 Pa. 426, 435, 392 A.2d 1366, 1370 (1978) (rule is inapplicable where requested charge is too general to alert the trial court to the alleged defect).[1] Consequently, we find that the appellant has not properly preserved his present objection to the jury charge on self-defense pursuant to Pa.R.Crim.P. 1119(b).

## II.

■■■ Appellant argues that "even if this Court should conclude that the objection failed to preserve this issue, this Court should nonetheless consider the issue on the merits as a matter of judicial economy since any waiver had to be the result of ineffective assistance of counsel." (Reply Brief for Appellant at 4). While we do not agree that the waiver "had to be the result of ineffective assistance of counsel," we do agree that this Court should review the

1. The better practice, where counsel seeks to argue a novel theory of law, is to submit a point for charge on the subject and thereby ascertain, in advance of closing argument, whether the trial court would apply the particular legal proposition to the instant trial; if the court denies the request, the issue may be preserved for appellate review. *Commonwealth v. Gwaltney*, 479 Pa. 88, 93 n. 5, 387 A.2d 848, 850 n. 5 (1978).

merits of the appellant's contentions.[2] Our review of the merits of the claim is required in order to determine whether counsel was ineffective, and not as a result of a determination that he was ineffective.

An analysis of an ineffectiveness claim first requires us to examine the merits of the appellant's underlying claims. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). "If the claim which counsel failed to pursue had no merit, counsel will not be deemed ineffective." *Commonwealth v. Williams*, 314 Pa.Super. 355, 359, 460 A.2d 1178, 1180 (1983), *citing Commonwealth v. Taylor*, 491 Pa. 205, 420 A.2d 413 (1980). It is only when the claim which has been foregone is of arguable merit that we must inquire as to whether counsel had a reasonable basis for failing to pursue the claim. *See Hubbard*, 472 Pa. 278, 372 A.2d at 696.

The underlying claim which we must examine is whether the legislature changed the law of self-defense by enacting 18 Pa.C.S.A. § 505(b)(2)(i), and, if so, whether the trial judge committed prejudicial and reversible error in failing to instruct the jury in accordance with the alleged change.

In reviewing jury instructions for prejudicial and reversible error, the charge must be read and considered as a whole; error cannot be predicated on isolated excerpts, and it is the general effect of the charge that controls. *Commonwealth v. Woodward*, 483 Pa. 1, 394 A.2d 508 (1978). Moreover, there is no right to have any particular form of instruction given; it is enough that the charge clearly and accurately explains the relevant law. *Commonwealth v. Dozier*, 294 Pa.Super. 249, 439 A.2d 1185 (1982). Where the charge given properly covers the requested point, it is not error for the trial court to refuse to give

---

**2.** Because the parties have fully briefed and argued this issue, we find that interests in judicial economy warrant review of this claim. Upon review of the record, we find that the PCHA hearing previously conducted provides an adequate basis for a review of the merits, without resort to another remand for another evidentiary hearing and the inevitable appeal to this Court, which would follow.

additional instructions. *Commonwealth v. Hayes,* 314 Pa. Super. 112, 460 A.2d 791 (1983).

The appellant contends that the trial court erred by charging the jury that deadly force may not be used unless the actor is free from fault in provoking or continuing the dispute, rather than charging the jury with the clear statutory language. Appellant contends that he was prejudiced by the trial court's failure to use the statutory language in that the statute changed the common law. We cannot agree.

First, the trial court is not required to charge the jury with the statutory language *verbatim.* While it is not error to read applicable statutes to the jury, *see e.g. Commonwealth v. Hawkins,* 295 Pa.Super. 429, 441 A.2d 1308 (1982), neither is such a procedure required. "In charging the jury, it is the duty of the trial judge to clarify issues so that jurors may comprehend the questions which they are to resolve, to elucidate correct principles of law applicable to the pending case, *and to endeavor to make such principles understandable in plain language.*" *Commonwealth v. Sherlock,* 326 Pa.Super. 103, 106, 473 A.2d 629, 631 (1984). (Emphasis added). The trial court is free to select its own form of expression in charging the jury and such instructions will not be overturned when the charge meets the standards contained in appellate court opinions. *See e.g. Commonwealth v. Carey,* 293 Pa.Super. 359, 375, 439 A.2d 151, 159 (1981). Thus, we can find no error when the trial court employs language specifically approved by our appellate courts.

Since the adoption of the Code well over a decade ago, the courts of our Commonwealth have employed the precise language challenged by the appellant, in explaining the law of self-defense. *See Commonwealth v. Simmons,* 504 Pa. 565, 569, 475 A.2d 1310, 1313 (1984); *Commonwealth v. Mehmeti,* 501 Pa. 589, 597 n. 1, 462 A.2d 657, 661 n. 1 (1983); *Commonwealth v. Brown,* 491 Pa. 507, 512, 421 A.2d 660, 662 (1980); *Commonwealth v. Reiff,* 489 Pa. 12, 15–16, 413 A.2d 672, 674 (1980); *Commonwealth v.*

*McGuire,* 487 Pa. 208, 217 n. 4, 409 A.2d 313, 318 n. 4 (1979); *Commonwealth v. Black,* 474 Pa. 47, 52–53, 376 A.2d 627, 630 (1977); *Commonwealth v. Nau,* 473 Pa. 1, 7, 373 A.2d 449, 451 (1977); *Commonwealth v. McComb,* 462 Pa. 504, 510, 341 A.2d 496, 499 (1975); *Commonwealth v. Camp,* 459 Pa. 569, 573, 330 A.2d 844, 846 (1975); *Commonwealth v. Light,* 458 Pa. 328, 333, 326 A.2d 288, 291 (1974); *Commonwealth v. Daniels,* 451 Pa. 163, 170, 301 A.2d 841, 845 (1973).

The appellant, however, contends that: 1) the free from fault language in these cases is merely *dicta* because the appropriate standard was not at issue in those cases; 2) the free from fault language can be directly traced to pre-code cases; and 3) the repetition of this language in cases after the enactment of the Code has occurred completely by rote. (Appellant's Brief at 17).

Appellant is in error. Our Supreme Court has on numerous occasions applied the challenged free from fault language in rejecting appellants' claims that trial courts erred either by failing to instruct on the law of self-defense or in failing to find that appellants had in fact acted in self-defense. In these cases our Supreme Court rejected the appellants' claims upon a finding that the evidence required, or at least supported, a determination that the appellants were not free from fault in provoking or continuing the confrontation. Thus, in these cases, the free from fault language underpinned the reasoning of the Court and therefore constituted *ratio decidendi,* and not *dicta. See e.g. Reiff, supra; Nau, supra; McComb, supra; Daniels, supra.*

Although it is true that the free from fault standard can be traced to pre-code cases, *see e.g. Commonwealth v. Roundtree,* 440 Pa. 199, 269 A.2d 709 (1970), it does not follow that the language has been repeated merely by rote. To the contrary, it is clear that our Supreme Court has relied upon the Code, as well as the common law, in support of its use of the free from fault standard in self-defense

cases. In *Commonwealth v. Webster*, 490 Pa. 322, 416 A.2d 491 (1980), the Pennsylvania Supreme Court stated:

Section 505(b) establishes the limitations on the justifiable use of force in self-protection. *As provided by statute and as interpreted through case law*, the following conditions must be satisfied before one may successfully invoke a claim of self-defense:

1. The slayer must have been *free from fault in provoking or continuing the difficulty which resulted in the killing;*

2. The slayer must have reasonably believed that he was in imminent danger of death or great bodily harm, and that there was a necessity to kill in order to save himself therefrom;

3. The slayer must not have violated any duty to retreat or avoid the danger. *Commonwealth v. Black*, 474 Pa. 47, 376 A.2d 627 (1977).

490 Pa. at 325, 416 A.2d at 492. (Emphasis added). *See also Simmons*, 475 A.2d at 1313; *Mehmeti*, 462 A.2d at 661 n. 1; *Brown*, 421 A.2d at 662; *Webster*, 416 A.2d at 492; *Reiff*, 413 A.2d at 674; *McGuire*, 409 A.2d at 317–318 (quoting 18 Pa.C.S.A. § 505(b)(2)); *Black*, 376 A.2d at 630 (citing 18 Pa.C.S.A. § 505(b)(2)); *Light*, 326 A.2d at 292; *see also Commonwealth v. Jones*, 231 Pa.Super. 300, 304–305, 332 A.2d 464, 466 (1974) (quoting 18 Pa.C.S.A. § 505(b)(2)(i)). In light of these facts, we reject the appellant's argument that the aforementioned precedent is mere *dicta* which has been repeated by rote.

Furthermore, we reject the appellant's contention that 18 Pa.C.S.A. § 505(b)(2)(i) changed the law in a way which makes the standard free from fault instruction inapplicable. To the contrary, we find that 18 Pa.C.S.A. § 505 was intended to codify the existing law, and that the jury charge then in use continued to adequately and accurately cover the law of self-defense after codification.

The legislative history is devoid of any reference to a legislative intent to adopt the radical change in the law of self-defense which the appellant contends that the enact-

ment of 18 Pa.C.S.A. § 505(b)(2)(i) accomplished. We note that while the legislature appears to have borrowed language from § 3.04 of the Model Code, the statute does not follow the Model Code *verbatim*, nor did the legislature adopt or even discuss the Comments to the Model Code upon which the appellant so heavily relies.

Our Supreme Court has consistently stated that, "[f]or the most part, section 505 of the Code merely codifies the common law of this Commonwealth." *Commonwealth v. Cropper*, 463 Pa. 529, 534, 345 A.2d 645, 647 (1975); *see also Black*, 474 Pa. at 53 n. 3, 376 A.2d at 630 n. 3; *Com. v. Walley*, 353 A.2d 396 at 398 n. 3; *Light*, 326 A.2d at 292 n. 4; *Jones*, 332 A.2d at 466 n. 4. The Official Comment to 18 Pa.C.S.A. § 505 provides in pertinent part:

> This section is derived from Section 3.04 of the Model Penal Code, and makes no substantial change in existing law. *The intent of this section is to codify existing case law pertaining to "self-defense" and to cover in a single rule the law governing the use of defensive force against both attack and in crime prevention.*

*Reprinted at* 18 Pa.C.S.A. § 505, at 23 (Purdon's Supp. 1986). We note that where the Code provisions clarified, liberalized or changed the existing law, the Official Comment to those provisions unequivocally announced such intent.[3] Consequently, we reject the appellant's argument that, while for the most part the law was not changed, the statute did alter the law of self-defense such that the

---

3. *See, for example,* the Official Comments to 18 Pa.C.S.A. § 110 (This section *modifies* present law ...); § 305 (Subsection (b): There is no similar provision in existing law. The purpose is to '*tone down*' absolute or strict liability in penal law as a whole.); § 306 (Subsection (g): This subsection *changes* existing law ...); § 309 (Subsection (a): This subsection *liberalizes* existing law ...); § 504 (This section is intended to *more clearly define* and codify ...); § 507 (This section ... is intended to *define more precisely* ...); § 901 (The purpose of this ... section is to *change* existing case law ...); § 907 (This section *broadens* existing law ...); § 908 (This section *broadens and consolidates* the various existing provisions). The Official Comments are reprinted following the Code sections to which they apply in 18 Pa.C.S.A. §§ 101–908 (Purdon's Supp.1986).

instruction given by the trial court constituted reversible error.

Additionally, we cannot accept the proposition (implicit in the appellant's argument) that the legislature sat idle and mute for over a decade while the courts of this Commonwealth radically misconstrued 18 Pa.C.S.A. § 505(b)(2)(i), and ignored the plain meaning and clear intent of the legislative enactment. To the contrary, we find that judicial interpretations, like administrative interpretations, which are not disturbed by the legislature, are appropriate guides to legislative intent. *Accord Hospital Assn. of Pennsylvania v. MacLEOD,* 487 Pa. 516, 410 A.2d 731 (1980). Thus, we find in the legislature's silence additional support for the long-standing judicial interpretation of the statute.

Finally, we note the appellant's reference to *Commonwealth v. Bayard,* 453 Pa. 506, 309 A.2d 579 (1973). In *Bayard,* the trial court instructed the jury that "if the defendant had anything to do with provoking the fight, self defense is out." 453 Pa. at 510, 309 A.2d at 581. Bayard contended that the instruction was too broad in that he would not be at fault if "the character of the encounter originally contemplated is materially altered to an unforeseeable level of violence by actions of persons other than the original provocateur, . . . ." *Id.*

In *Bayard,* our Supreme Court reviewed the evidence under the accepted free from fault standard and found that Bayard was not free from fault in provoking or continuing the dispute because he "voluntarily placed himself in a position where it was likely that he would become a participant in an affray that could reasonably have been expected to escalate to a 'gang war'." *Bayard,* 453 Pa. at 511, 309 A.2d at 582. Our Supreme Court did not decide whether the trial court's instruction in *Bayard* was in error. Hence, reference to *Bayard* provides no guidance as to whether the instruction originally requested in this case was either correct or necessary.

Regardless, the appellant does not argue on appeal that his requested charge should have been given; rather, appellant contends that 18 Pa.C.S.A. 505(b)(2)(i) changed the law of self-defense. In this context, we fail to see *Bayard*'s relevancy. *Bayard* is a pre-Code case; it was decided on the basis of the common law free from fault standard. It does not appear among the cases cited in the Official Comment as having been codified by the enactment of 18 Pa.C.S.A. § 505, and it is not mentioned in the legislative history of the Code. Therefore, we find that *Bayard* is not relevant to our present inquiry.

Having considered and rejected each of appellant's arguments, we find no merit in the appellant's contention that the trial court's charge to the jury constituted prejudicial and reversible error. Because we find no merit in the appellant's underlying claim, we find no merit in his claim of ineffective assistance of counsel predicated on that claim. *See Taylor, supra; Hubbard, supra.*[4]

Based upon the foregoing reasons, judgment of sentence is AFFIRMED.

---

**4.** Because we find no error with respect to the self-defense charge, we need not consider whether error in that regard would have been harmless.