J-S42022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD LEACH, | : | |
| | : | |
| Appellant | : | No. 336 EDA 2018 |

Appeal from the Judgment of Sentence, January 29, 2016,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0007298-2014,
CP-51-CR-0008095-2014.

BEFORE:   OTT, J., KUNSELMAN, J., and COLINS, J.*

MEMORANDUM BY KUNSELMAN, J.:               **FILED OCTOBER 18, 2019**

Ronald Leach appeals from the judgment of sentence imposed after a jury found him guilty of multiple offenses including attempted murder (serious bodily injury), aggravated assault (serious bodily injury), and several firearm violations.[1]  Upon review, we affirm.

The trial court aptly summarized the pertinent facts and, in part, the procedural history as follows:

---

* Retired Senior Judge assigned to the Superior Court.

[1] We note that Leach filed a single notice of appeal at each docket containing both cases.  Pa.R.A.P 341 and **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) require that a separate notice of appeal from an order resolving issues on more than one docket be filed or the appeal must be quashed. However, because the filing of Leach's notice was on January 19, 2018, prior to the decision in **Walker** on June 1, 2018, and **Walker** only applies to cases prospectively, this appeal may proceed.

The underlying charges stem from the report that on April 18, 2014, Appellant Ronald Leach[,] in concert with two other people, verbally argued with the victim Ronald Johns and Alphonso Boddie, [Johns'] cousin, in the street within the small 5300 residential block of Lesher Street in the Frankford section of Philadelphia. Leach settled the argument by firing a .40 caliber semi-automatic firearm twenty-one times at the victim Ronald Johns and [] Johns' cousin. During the course of [Leach's] firing, the victim was struck in the back three times as well as in the leg and neck with piercing bullets. After the victim was shot, the victim's cousin grabbed a holstered weapon off of the victim's unresponsive body on the ground and returned fire eleven times. [Leach] and his associates ran from the block. The victim was transported via responding police officers to Temple Hospital where he received emergency life-saving medical treatment which included numerous surgeries. At least thirty-two fired cartridge casings were recovered from the 5300 block of Lesher Street and resulting bullet strike damages and bullet holes in several occupied homes along that residential block were documented. Subsequent analysis of the fired cartridge casings proved that at least two .40 caliber semi-automatic guns had been fired during the melee.

Appellant's apprehension occurred on April 23, 2014, following foot pursuit by two uniformed police officers who had been on patrol on the 5300 block of Lesher Street. They observed [] Leach walking on the sidewalk with a semi-automatic firearm displayed in his waistband and alighted from their marked police vehicle. Seeing the officers, [Leach] ran into the row home residence located at 5332 Lesher Street. As the first officer attempted to follow, the front door was slammed shut by an occupant later identified as Michelle Melendez to prevent entry of the officers. [Leach] was stopped by the second foot pursuing uniformed police officer after he ran out of the back door of the same residence. Officers retrieved a loaded operable .9 millimeter semi-automatic firearm that the [Leach] had been carrying during the chase.

An additional .40 caliber firearm was recovered from inside the second floor front bedroom in the residence at 5332 Lesher Street along with narcotics and drug packaging materials throughout the home. Occupants of the house at the time of [Leach's] arrest included Ms. Melendez, her twenty year old son, Gilbert Candaleria, her boyfriend Ellis Cole and [an]other male from the

second floor back bedroom. Each were charged with various offenses.

All of the arrested residents admitted that the gun recovered by officers from the front bedroom had been retrieved and stored by Ellis Cole just after the subject shooting. That recovered firearm matched eleven of the fired cartridge casings from the shooting scene. Ms. Melendez reported seeing [Leach] known to them as "Moody" and another male identified as "Q," later identified as co-defendant Quideem Willis, shoot [] Johns on April 18, 2014. Ms. Melendez's son admitted to seeing Moody and Q arguing with the shooting victim before hearing shots and seeing Ellis Cole run into the street and subsequently return with a weapon. They acknowledged that [Leach] in concert with Q and others had been renting that residence from Michelle Melendez. Each occupant gave consistent reports of seeing Moody run into the residence armed with another firearm yelling for them to hide evidence followed by the pursuing patrol officers on the date of arrest.

[Leach] was arrested for offenses stemming from both sets of incidents. Subsequent to [Leach's] arrest, Michelle Melendez's son, Gilbert Candeleria, had informed law enforcement that during his processing and prison transport, he had overhead [Leach] admit to Ellis Cole that he had shot the victim "because he had been messing with one of his friends."

After indicting grand jury, arraignment, and scheduling conferences, the consolidated cases against [] Leach and a co-defendant Quideem Willis were scheduled for a joint jury trial on October 13, 2015 . . . .

\*\*\*

On October 22, 2015, the jury found [] Leach guilty under Docket Number CP-51-CR-0008095-2014 of: one count of Attempted Murder With Serious Bodily Injury Caused under 18 [Pa.C.S.A.] § 901 §§ A, Aggravated Assault-Causing Serious Bodily Injury under 18 [Pa.C.S.A.] § 2702 §§ A1, graded as a Felony of the First Degree; one count of Possession of Firearm as A Prohibited Person under 18 [Pa.C.S.A.] § 6105 §§ A1 graded as a Felony of the Second Degree; one count of Possession of Firearm Without A License under 18 [Pa.C.S.A.] § 6106 §§ A1 graded as a Felony of the Third Degree; one count of Possession of Firearm On A Public Street in Philadelphia under 18 [Pa.C.S.A.] § 6108 §§ A1 graded as a Misdemeanor of the First Degree; [] Leach was found not guilty of Conspiracy under 18 [Pa.C.S.A.] § 903 §§ C.

Under the case docketed under case number CP-51-CR-7298-2014 relating to the officers' apprehension and recovery, the jury found [] Leach guilty of: one count of Possession of Firearm as A Prohibited Person under 18 [Pa.C.S.A.] § 6105 §§ A1 graded as a Felony of the Second Degree; one count of Possession of Firearm Without A License under 18 [Pa.C.S.A.] § 6106 §§ A1 graded as a Felony of the Third Degree; one count of Possession of Firearm On A Public Street in Philadelphia under 18 [Pa.C.S.A.] § 6108 §§ A1 graded as a Misdemeanor of the First Degree . . . .

Trial Court Opinion, 11/6/18, at 1-5 (citations omitted). Leach's co-defendant was found not guilty.

The trial court sentenced Leach to an aggregate sentence of thirty-three years (33) and six (6) months to sixty-eight (68) years of imprisonment with no credit for time served. At the time of sentencing, Leach was twenty-five (25) years old.

Initially, no post-sentence motion or appeal was filed on behalf of Leach. However, Leach filed a PCRA petition seeking reinstatement of his rights to file a post-sentence motion and appeal, which the court granted.

Leach filed a post-sentence motion. The trial court granted the motion in part and denied it in part, crediting Leach for time served, but denying his request for a reduction in sentence, *inter alia*.

Leach timely appealed. The trial court and Leach complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Leach raises the following issues:

Is the evidence sufficient to convict [Leach] of attempted murder and aggravated assault, where the evidence did not establish beyond a reasonable doubt that [Leach] did not act with justification and in self-defense?

Is the sentence imposed unduly harsh and excessive under the circumstances of this case and [Leach]?

Leach's Brief at 6.

In his first issue, Leach argues that the evidence was insufficient to support his conviction for attempted murder and aggravated assault. Specifically, he claims that the Commonwealth failed to disprove that Leach acted with justification or in self-defense. Instead, according to Leach, the evidence at trial showed that Johns was attempting to draw his firearm and shoot Leach during their confrontation. Leach believed that force was necessary to protect himself against death or serious bodily injury. Leach's Brief at 29. Furthermore, in light of the multiple shots fired at Leach, Leach could not have avoided the use of force with complete safety by retreating. Leach therefore acted with justification and in self-defense. Thus, he claims the evidence was insufficient as a matter of law to support a conviction for the crimes of attempted murder and aggravated assault. *Id.* at 29-31. Leach does not challenge the sufficiency of the evidence as to any other elements of these crimes.

The Commonwealth argues, however, that Leach did not present the theory of self-defense at trial in this matter. Instead, Leach's case at trial focused on the misidentification of him as the shooter, which conflicted with a claim of self-defense. As a result, the Commonwealth contends that it was not required to disprove his claim of self-defense. Commonwealth's Brief at 7-8.

Initially, we note that the Commonwealth's argument raises the question of whether Leach's sufficiency claim is properly before this Court. Before proceeding with the merits of Leach's first issue, we must determine whether Leach properly preserved this issue. Based upon our review of the record, we conclude that he did not.

The Commonwealth accurately notes that, at trial, Leach did not raise the issue of self-defense. Rather, he based his defense on the identification of Johns' shooter; Leach claimed it was not him. In fact, during closing argument, defense counsel emphasized that Leach's case was not one of self-defense. Counsel argued to the jury as follows:

> And let me be very, very, very clear right here because there's some indication somewhere that [Johns] had a gun and may have pulled it out. This is not a self-defense case.

> I am not telling you that that man had a gun and he pulled it out and shot [] Johns justifiably because he feared for his safety. I am not telling you that at all, just so we're clear.

N.T., October 21, 2015, at 135. Consequently, the trial court did not give the jury a self-defense charge. Thus, the jury could not have found that Leach acted in self-defense.

Moreover, although there was testimony that Johns had a gun, and therefore "some evidence" upon which a theory of self-defense could have been advanced, this clearly was not the defense's strategy. A claim of self-defense would have contradicted the defense's theory that Leach was not the shooter. Where a defendant denies the act of using deadly force in defense

- 6 -

of himself, he has negated one of the elements of self-defense; therefore, he cannot avail himself of a claim of self-defense. *See Commonwealth v. Mayfield*, 585 A.2d 1069, 1075 (Pa. Super. 1991) (*en banc*).

Instead, Leach raised the issue of self-defense for the first time in his concise statement of matters complained of on appeal. A theory or issue which has not been raised before the trial court cannot be raised for the first time on appeal. *Commonwealth v. Gordon*, 528 A.2d 631, 638 (Pa. Super. 1987), *appeal denied,* 538 A.2d 875 (1988); *Commonwealth v. Alvin*, 516 A.2d 376, 380 (Pa. Super. 1986). Because this issue was not raised with the trial court, we do not reach the merits of this claim

In his second issue, Leach challenges the discretionary aspects of his sentence. As noted above, the trial court imposed an aggregate sentence for all convictions of thirty-three years (33) and six (6) months to sixty-eight (68) years of imprisonment. Leach argues that this was excessive, essentially amounting to a life sentence. Specifically, he claims that the trial court failed to consider all mitigating factors, including Leach's age and rehabilitative needs. Leach's Brief at 45. Additionally, he claims that his sentence was unreasonable because the trial court imposed several consecutive sentences, despite the fact that the convictions were part of a single episode (the shooting and his subsequent arrest). *Id.* at 44. This is particularly so given that the lead charge, attempted murder, carries a heightened guideline range based upon the higher offense gravity score and already considers that a firearm was involved. Yet, the trial court imposed separate sentences for the firearms

violations. *Id.* at 44-45. Thus, according to Leach, the trial court abused its discretion.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004)(citation omitted). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (quoting *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). A claim of

excessiveness can raise a substantial question as to the appropriateness of a sentence. *Commonwealth v. Mouzon*, 812 A.2d 617, 624 (Pa. 2002).

However, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." *Cruz-Centeno,* 668 A.2d 536, 545 (Pa. Super. 1995), *appeal denied*, 676 A.2d 1195 (1996)(quoting *Commonwealth v. Urrutia*, 653 A.2d 706, 710 (Pa. Super. 1995), *appeal denied*, 661 A.2d 873 (1995)). Moreover, "[w]here [PSI] reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

> A [PSI] report constitutes the record and speaks for itself. . . . Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion.

*Id.*; *see also Commonwealth v. Tirado*, 870 A.2d 362, 368 (explaining if sentencing court has benefit of PSI, law presumes court was aware of relevant information regarding appellant's character and weighed those considerations along with mitigating factors).

In determining whether to allow Leach's claims regarding the discretionary aspect of his sentence to proceed, we note that Leach satisfied

criteria one (1) through three (3) above. However, he has failed to satisfy the fourth criterion requiring presentation of a substantial question.

Leach's claim that the trial court failed to consider mitigating factors, such as Leach's age and rehabilitative needs, does not raise a substantial question. Moreover, the trial court considered Leach's PSI in fashioning his sentence. We therefore may presume that the trial court was aware of relevant mitigating factors.

Furthermore, Leach's argument regarding the trial court's imposition of consecutive sentences does not raise a substantial question given the circumstances of this case. As noted by the trial court, the court imposed consecutive sentences only after careful consideration of all relevant sentencing factors including the paramount need for protection of the public, the gravity of the offense, and Leach's poor prospect of rehabilitation. Trial Court Opinion, 11/6/18, at 19. The trial court viewed Leach's conduct in this matter as violent and cruel. Leach shot at Johns as he fled from Leach. Leach continued to shoot him even after he had fallen to the ground. Leach fired his illegally possessed firearm, which held especially damaging, piercing bullets, at least 21 times. Bullets were found all over the residential block, endangering those who lived there. Leach's conduct caused Johns to undergo multiple surgeries and other medical procedures for his injuries. He suffered a great deal since the incident and likely will suffer into the future. He too was in his twenties at the time of the shooting. Most significantly, the trial court had grave concerns for the safety of the community given Leach's

conduct in this case, his history, and propensity for violence.   We therefore do not consider this case as one where the trial court's exercise of discretion resulted in a sentence that was "grossly disparate" to Leach's conduct or "viscerally appear[s] patently unreasonable."   ***See Commonwealth v. Mastromarino***, 2 A.3d 581, 589 (Pa. Super. 2010).

Thus, for these reasons, we deny Leach's petition for allowance of appeal and do not address the merits of his sentencing issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/19

- 11 -