COMMONWEALTH of Pennsylvania,
Appellee,

v.

Edwin J. BROWN, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 8, 1998.

Filed Dec. 3, 1998.

Sue A. Pfadt, Erie, for appellant.

Lisa M. Schlosser, Asst. Dist. Atty., Erie, for Com., appellee.

Before EAKIN, SCHILLER and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

Edwin Brown appeals his May 14, 1997, judgment of sentence following his conviction for endangering the welfare of a child. For the reasons set forth below, we affirm the decision of the trial court.

In May 1996, appellant invited a friend, Jennifer Shaffer, and her infant son, Christopher Shaffer, to move into the two-bedroom apartment he leased from the Corry Housing Authority. Trial court memorandum, 7/22/97, at 2. Although Housing Authority officials made it clear that Ms. Shaffer, a minor living with Mr. Brown without parental consent, was not permitted to legally reside in the apartment, their living situation continued. *Id.*

Christopher Shaffer suffered terribly during his short life. *See id.* at 3–5. Incidents of abuse continued throughout the time he and his mother lived with appellant. According to the trial court memorandum, appellant observed Ms. Shaffer "mistreat" Christopher.[1] Because of the abuse, Christopher suffered serious and painful injuries throughout the last two to three weeks of his life, which caused his death.[2] According to his testimony, appellant noticed that Christopher was sick and needed medical assistance during the last few weeks of his life. *Id.* at 3. Appellant admitted at trial "that it was 'stupid' of him not to say anything" about Christopher's health. *Id.* at 5.

Prosecutors charged appellant with criminal homicide/murder, aggravated assault, and endangering the welfare of a child. After a six–day trial, a jury found appellant not guilty of criminal homicide and aggravated assault, but guilty of endangering the welfare of a child. The trial judge sentenced appellant to 18–to–60 months' imprisonment for the endangering conviction. Appellant filed a motion for arrest of judgment that the trial court denied. This appeal follows.

Appellant presents only one question before this Court:

Whether the trial court erred in denying appellant's motion for directed verdict and motion for arrest of judgment on the charge of endangering the welfare of a child where the evidence showed that appellant had provided only shelter and very limited attention to the mother and infant and the jury acquitted appellant of the charges of criminal homicide and aggravated assault.

Appellant's brief, at 3. Appellant argues that "[t]he trial court erred in denying appellant's motion for directed verdict and motion for arrest of judgment as the evidence did not show that appellant was a person supervising the welfare of a child." *Id.* at 8. This Court is asked to decide whether, as a matter of law, appellant was a "person supervising the welfare of a child" within the meaning of 18 Pa.C.S.A. § 4304(a). Alternatively, appellant argues that the evidence is insufficient to support his conviction.

First, we consider the argument that appellant was not a "person supervising the welfare of a child" such that, as a matter of law, he could not be found guilty of endangering the welfare of a child. When reviewing 18 Pa.C.S.A. § 4304, we must remember that the statute attempts to prohibit a "'broad range of conduct in order to safeguard the welfare and security of our children.'" *Commonwealth v. Mack*, 467 Pa. 613, 359 A.2d 770, 773 (Pa.1976) (quoting *Commonwealth v. Marlin*, 452 Pa. 380, 305 A.2d 14, 18 (Pa.1973)). The common sense of

---

**1.** The incidents of "mistreatment" included: feeding Christopher spoiled formula, leaving him in dirty diapers for long periods of time, pinching Christopher, shaking and pushing down on him, dropping him onto the couch, grabbing him by his diaper and throwing him onto the couch, and pinching and hitting Christopher " 'in the privates.' " *Id.*

**2.** An autopsy found that Christopher suffered multiple bruises, abrasions, and contusions, including contusions to his liver that caused serious injuries to his liver and large intestine. A blow to the chest caused Christopher to suffer multiple fractured ribs and causing major respiratory difficulties. Christopher died from a skull fracture sustained in the last few hours or days of his short life.

the community should be considered when interpreting the language of the statute. *Id.*

Turning to the language of the statute, 18 Pa.C.S.A. § 4304 states, in pertinent part:

> (a) Offense defined—A parent, guardian, or other person supervising the welfare of a child under 18 years of age commits an offense if he knowingly endangers the welfare of a child by violating a duty of care, protection or support.

18 Pa.C.S.A. § 4304(a). The common sense meaning of "other person supervising the welfare of a child" is the central focus of appellant's case.

We are not persuaded by appellant's argument that he was not supervising the welfare of a child because he did not have a duty to report the abuse he witnessed. This argument is circular and addresses a separate element of the crime. Only "parent[s], guardian[s] or other person[s] supervising the welfare of a child" can be found liable under 18 Pa.C.S.A. § 4304(a). Further, only those parents, guardians, or other supervising persons who knowingly "[violate] a duty of care, protection or support" can be found criminally liable under the statute. *Id.* Thus, this statute sets forth the scope of persons subject to the law *and* the conduct prohibited by the law. Arguing that appellant did not violate a duty does not address whether or not he was within the scope of the statute as a "person supervising the welfare of a child." [3]

In the present case, we must focus on the meaning of the term "other person supervising the welfare of a child" as an element of the crime in light of the common sense of the community. In an age when nontraditional living arrangements are commonplace, it is hard to imagine that the common sense of the community would serve to eliminate adult persons residing with a non-custodial child from the scope of a statute protecting the physical and moral welfare of children. 18 Pa.C.S.A. § 4304 Official Comment, 1972. Accepting appellant's argument would be to accept the idea that this statute is limited to only those persons with permanent, temporary, or other quasi-legal custody of children. The common sense interpretation of the language of the statute and this Court's recent case law do not support such a narrow reading.[4]

Deciding that adults who share a residence with a child not in their legal custody are not responsible for the welfare of that child would undermine both the language and application of the endangering statute. Under such a limited reading, stepparents, grandparents, adult siblings, adult roommates, life partners, and others *could not* be prosecuted for endangering the welfare of a child. Our courts should not and have not limited the scope of the statute to exclude this broad and diverse category of persons. *See, e.g., Commonwealth v. Kellam*, 719 A.2d 792 (Pa.Super. 1998) (sustaining the conviction of a man residing with and exercising control over both an infant child and her mother during the time in which the infant died from dehydration, malnutrition, and hypothermia).

■ Instead, we find that adult persons who voluntarily reside with a minor child *and* "violate a duty of care, protection or support"

---

**3.** We note that appellant's argument incorporating the duty issue into the scope of the statute issue is also reflected in the trial court's memorandum. Trial court memorandum, 7/22/97, at 7–13. We disagree with the trial court's opinion that the scope of the statute includes "parent, guardian, or other person" who has a "duty of care, protection or support" as we read the statute to create two elements to the crime, rather than one.

**4.** This Court's recently set forth guidelines concerns the duty owed to a child by persons other than parents and guardians in *Commonwealth v. Kellam*, 719 A.2d 792 (Pa.Super. 1998). In *Kellam* we held that persons other than parents or guardians, including adults residing with a child,

can owe a duty to act sufficient to establish criminal liability for endangering the welfare of a child. As Judge Tamilia aptly stated:

> In this age where children reside in increasingly complex family situations, we fail to understand why criminal liability should be strictly limited to biological or adoptive parents.... We therefore hold that whenever a person is placed in control and supervision of a child, that person has assumed such a status relationship to the child so as to impose a duty to act.

*Id.* at *8–9. If persons other than parents or guardians can assume and violate the requisite duty so as to be criminally liable for endangering the welfare of a child, clearly they must be contemplated in the scope of the statute as well.

are contemplated within the scope of the endangering statute. By stating that such persons are contemplated within the scope of the statute, we do not hold that all adults residing with minor children are *automatically* criminally liable under this law, but rather that, as a matter of law, they are not *outside* of the scope of the statute. In order to establish the second element of the crime, the prosecution must prove that the adult had a duty of care, protection, or support of that child which they violated. *See id.*

■ The only remaining question is whether the evidence presented at the time of trial was sufficient to adduce that appellant was a "person supervising the welfare of a child." When faced with an appeal based, at least in part, on the sufficiency of the evidence, we must remember that we are limited to considering

> [w]hether, accepting as true all the evidence and all reasonable inferences therefrom upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime ... for which he has been convicted.

*Commonwealth v. Bayard*, 453 Pa. 506, 309 A.2d 579, 581 (Pa.1973). We find that the evidence presented to the jury during the trial was sufficient to support appellant's conviction for endangering the welfare of a child.[5] The jury listened to evidence from numerous witnesses about appellant and Ms. Shaffer's living arrangement, time spent in the apartment, acts of abuse conducted by Ms. Shaffer which appellant witnessed, and appellant's actions including periodic babysitting, diaper-changing, and playing with Christopher. Based on this evidence, we cannot find that the evidence was insufficient

to support a jury's finding that appellant was a "person supervising the welfare of a child" during the time Christopher lived with appellant and suffered from consistent physical abuse by his mother.[6]

Based on the foregoing, we affirm the decision of the trial court denying appellant's motion to arrest judgment.

Judgment of sentence affirmed.

---

5. We need not address appellant's argument concerning the existence of a duty because appellant's question for review and argument both specifically challenge his conviction based on his status as a "person supervising the welfare of a child." Appellant's brief, at 3, 8.

6. While we hold that appellant in this case was supervising the welfare of a child, we note that this determination is a factual one, which should be decided on a case-by-case basis. While we find that, as a matter of law, adult persons voluntarily residing with a minor child are not automatically outside the scope of the endangering

statute, proof that such adults were actually supervising a child requires evidence that the adult was involved with the child. By showing that the adult played with the child, bathed the child, ate with the child, babysat the child, or otherwise interacted with the child, the prosecution can prove that the adult was supervising the child during the time he resided with the child. This Court can foresee circumstances when an adult is not involved with the child, and thus would not be a person supervising the welfare of a child under the endangering statute.