J-S77003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| J.M. | |
| Appellant | No. 2008 EDA 2013 |

Appeal from the Judgment of Sentence entered June 23, 2006
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1007631-2004

BEFORE:  STABILE, JENKINS, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                      **FILED APRIL 13, 2015**

Appellant, J.M., appeals *pro se* from the judgment of sentence imposed on June 23, 2006 in the Court of Common Pleas of Philadelphia County following his convictions for rape, 18 Pa.C.S.A. § 3121(c); aggravated indecent assault, 18 Pa.C.S.A. § 3125; indecent assault, 18 Pa.C.S.A. § 3126; endangering the welfare of a child (EWOC), 18 Pa.C.S.A. § 4304; corrupting the morals of a minor, 18 Pa.C.S.A. § 6301; and unlawful contact with a minor, 18 Pa.C.S.A. § 6318.  Appellant alleges trial court error relating to a stipulation entered into between the prosecution and defense

_____

[*] Retired Senior Judge assigned to the Superior Court.

counsel; insufficiency of evidence to support his conviction for EWOC; and trial court error involving a jury instruction. Following review, we affirm.[1]

The trial court provided the following factual history:

> [Appellant's] convictions [ ] stemmed from his attacks on three different victims: T.W., S.G., and C.W. T.W. and C.W. are sisters and S.G. is their step-sister. All three victims were between eleven and fourteen years old at the times of the incidents and their testimony reveals that [Appellant] repeatedly molested them over the course of about two years. Additionally, T.W. testified that [Appellant] raped her twice during that time period. All three girls are nieces of [Appellant's,] their father (or stepfather, in S.G.'s case) being [Appellant's] brother.

> C.W. testified at trial and recounted four separate times when [Appellant] touched her in a sexual way. C.W. testified that [Appellant] touched her breasts and put his hand down her pants four different times: twice while she was watching television in her grandmother's basement, once at [Appellant's] house while C.W. was sleeping, and once in a bathroom overlooking a back yard where C.W.'s sister was swimming in a pool.

---

[1] Initially we note that this Court directed Appellant to show cause why his appeal should not be quashed as untimely because he filed post-sentence motions on June 10, 2013 from his June 23, 2006 judgment of sentence. In response Appellant explained, *inter alia*, that the United States District Court for the Eastern District of Pennsylvania granted his *pro se* federal *habeas corpus* petition on February 14, 2013 and directed the Court of Common Pleas of Philadelphia County to take action within 120 days to enable Appellant to initiate a renewed direct appeal from his 2006 convictions. On June 7, 2013, the trial court permitted Appellant to proceed *pro se* in accordance with **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Appellant filed his post-trial motion on June 10, 2013. The trial court denied the motion on June 14, 2013 and directed Appellant to file a *nunc pro tunc* direct appeal within thirty days of the order. Appellant filed his timely notice of appeal on Monday, July 15, 2013. Appellant has satisfactorily demonstrated that his appeal should not be quashed as untimely.

S.G. testified about two separate times when [Appellant] touched her inappropriately. She testified that she was at [Appellant's] house in his basement and after [Appellant] put his hand down his own pants, he put his hand down S.G.'s pants underneath her underwear. Additionally, S.G. attended a cookout with [Appellant] for the Fourth of July and testified that every time she hugged [Appellant], he would grab her buttocks.

T.W. testified about similar incidents. She testified that at two different times, [Appellant] put his hand down her pants. Additionally, [Appellant] one day followed T.W. into her grandmother's basement, pulled down her pants and raped her, only stopping when her cousin walked in on the incident. [Appellant] raped T.W. a second time on a bed in the second-story back bedroom of his house.

Each victim also testified about several other incidents when [Appellant] attempted to touch them sexually or said inappropriate things to them. As discussed above, [Appellant] was found guilty of various charges, including the rape of T.W.

Trial Court Opinion (T.C.O.), 3/17/14, at 2-3 (references to Notes of Testimony omitted).

In his statement of errors complained of on appeal filed pursuant to Pa.R.A.P. 1925(b), Appellant raised four issues, three of which he presents for our consideration as follows:

I. [Whether] the trial court erred by forcing trial counsel to stipulate to the absence of the school nurse allowing the Commonwealth to introduce evidence that if she would have testified she would have stated "that (T.W.) stated her uncle (Appellant) forced her to have intercourse and fondled her on different occasions[,"] which violated the Appellant's Sixth Amendment right to confront his accuser?

II. [Whether] the evidence was insufficient to sustain a conviction for endangering the welfare of child?

- 3 -

III.    [Whether] the Appellant is entitled to a new trial as to the rape offense because the jury was not instructed as to which alleged victim this offense pertained, thus the verdict could have been on the basis of any of the alleged [] victims in this case, which only one pertained to the alleged rape?

Appellant's Brief at 5.

In his first issue, Appellant complains that a stipulation entered into between his counsel and the prosecution deprived him of his Sixth Amendment right of confrontation.  "Appellant's assertion of a Confrontation Clause violation presents an issue of law.  Our scope of review is plenary and our standard of review is *de novo.*"  **Commonwealth v. Williams**, 103 A.3d 354, 358 (Pa. Super. 2014) (citations omitted).

Appellant complains that the Commonwealth requested to stipulate—over defense counsel's objection—that a school nurse, who was unavailable to testify, would have testified that she spoke with T.W. and that T.W. told her Appellant forced her to have intercourse and fondled her on different occasions.  Appellant's Brief at 9-10.  However, as the trial court explained:

The record reflects that [Appellant's] attorney had two problems with this proposed stipulation: first that it was unnecessary because it simply confirmed the testimony of other witnesses (who also indicated that it was [the school nurse] who[m] T.W. first spoke to about [Appellant's] actions), and second, that the second part of the stipulation, relating to what T.W. had told her father, was inadmissible.

This [c]ourt agreed with counsel's second argument and that part of the stipulation was not read.  As to the first part, the basis of [Appellant's] claim on appeal is a Sixth Amendment claim.  This was not the basis for counsel's objection at trial, and therefore [Appellant's] claim on appeal is waived.  **Morgan v.**

- 4 -

*Sbarbaro*, 453 A.2d 598 (1982) (theories not advanced as to an issue in lower court are waived on appeal).

T.C.O., 3/17/14, at 5.

In its brief, the Commonwealth raised waiver in response to Appellant's argument, citing the in-chambers discussion that took place between the trial judge and counsel. Commonwealth Brief at 12. That exchange, in relevant part, was as follows:

> [**Counsel for Commonwealth**]: . . . The teacher testified the child only mentioned touching then disclosed the actual sexual intercourse. That's what the DHS worker will testify to as well[,] that she went out [to T.W.'s home] the same day.
>
> That's an important part because there's a conflict as to what she originally . . . told her uncle[:] it was touching. . . . [I]t's necessary to bring out what she had said to the nurse and to the DHS worker as to it being . . . sexual intercourse.
>
> [**Appellant's counsel**]: . . . I don't know why we need hearsay at this particular point. We had full direct and cross-examination of the two girls and of the mother and the uncle.
>
> **The court**: I will allow it to be admitted as far as it goes she told the nurse that she had intercourse with [Appellant].
>
> [**Appellant's counsel**]: What about . . . she told the father nothing else happened.
>
> **The court**: I don't think that comes in.
>
> [**Counsel for Commonwealth**]: I won't bring that in the stipulation. She'll testify the child told her that she'd had intercourse – he forced her to have intercourse and fondled her on some occasions.
>
> [**Appellant's counsel**]: I just object to that again. That's all been established.

- 5 -

> **The court**: Your objection is noted and I will instruct the jurors as to the stipulation before he reads it.

Notes of Testimony (N.T.), Trial, 11/22/05, at 170-72.

When the trial was reconvened, the stipulation was presented as follows:

> **The court**: [The District Attorney] is going to read a stipulation to you. When the District Attorney and counsel for the Defendant stipulate, that is, when they agree that a certain fact is true, their stipulation is evidence of that fact, and you should regard the stipulated or agreed upon fact as proven.
>
> . . .
>
> [**Counsel for Commonwealth**]: It is agreed by the Commonwealth and the Defense that if called to testify, Gwen Mabine would testify that she is the school nurse at Cooke Middle School, and that [on] March 23, 2004, she spoke with [T.W.], and [T.W.] stated to her that her uncle forced her to have intercourse, and fondled her on [] different occasions.
>
> That would be the testimony of the school nurse, Gwen Mabine.
>
> **The court**: So stipulated, [Appellant's counsel]?
>
> [**Appellant's counsel**]: Yes, in accordance with Your Honor's determination earlier, yes.

*Id.* at 174-75.

In his reply brief, Appellant acknowledges that the confrontation argument is waived because trial counsel did not object on that basis. Appellant's Reply Brief, at 1. Appellant "concedes in that regard[] because the record reflects that trial counsel objected only to hearsay." *Id.* Appellant ultimately suggests that "[t]his Court should conclude that the Appellant's confrontation rights were violated but the claim must be raised in

- 6 -

a PCRA as to whether trial counsel was ineffective for failure to preserve this matter." *Id.* Certainly, Appellant is free to pursue a claim in accordance with the Post-Conviction Relief Act if he believes his trial counsel was ineffective. However, this Court will not offer any comments on the possible merits of any post-conviction claims. Because Appellant's confrontation argument was not preserved and is therefore waived, Appellant's first issue fails.

In his second issue, Appellant argues the evidence was insufficient to sustain a conviction for EWOC with respect to C.W. As this Court has recognized:

> The question of whether evidence is sufficient to sustain a verdict is a question law, and as such, "our standard of review is *de novo* and our scope [of review] is plenary." ***Commonwealth v. Cruttenden***, [619 Pa. 123], 58 A.3d 95, 96 n. 1 (2012). It is well-established that:
>
>> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> ***Commonwealth v. Widmer***, 560 Pa. 308, 744 A.2d 745, 751 (2000); ***see also Commonwealth v. Maerz***, 879 A.2d 1267, 1269 (Pa. Super. 2005) (stating "[w]hile we are not free to substitute our view of the evidence for the factual findings of the trial court, we as an appellate court are authorized, indeed

required, to use a plenary scope of review in determining the validity of the legal conclusions made by the trial court.").

***Commonwealth v. Lynn***, 83 A.3d 435, 447 (Pa. Super. 2013), ***appeal granted on other grounds***, 91 A.3d 1233 (Pa. 2014).

When addressing Appellant's sufficiency issue, the trial court erroneously stated that "[t]he jury *agreed* with [Appellant] and found him not guilty of [EWOC]. It is unclear what relief [Appellant] is requesting given that this is the sole charge on which he was not guilty." T.C.O., 3/17/14, at 6 (emphasis in original). In fact, Appellant was convicted of EWOC with respect to C.W. Therefore, although we have no legal conclusions from the trial court to consider, we shall consider Appellant's sufficiency issue, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

Under the provisions of 18 Pa.C.S.A. § 4304(a)(1) in effect when the event in this case occurred, "A parent, guardian or other person supervising the welfare of a child under 18 years of age commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support."[2] "The term 'person supervising the welfare of a child'

_____

[2] The statute was amended effective January 29, 2007 to read: "A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an
*(Footnote Continued Next Page)*

means a person other than a parent or guardian that provides care, education, training or control of a child." 18 Pa.C.S.A. § 4304(a)(3). Appellant claims the evidence was insufficient to prove he was "supervising" C.W. at the time any sexual acts were committed on her.

In **Lynn**, this Court stated, "[T]he plain language of the pre-amended [§ 4304] requires proof, as an element of the offense, that the accused was a supervisor of an endangered child victim when the conduct or condition giving rise to the offense occurred." **Lynn**, 83 A.3d at 453. In **Commonwealth v. Bryant**, 57 A.3d 191 (Pa. Super. 2012), this Court explained:

> On multiple occasions, we have extended a duty of care to non-relatives who exercise some supervisory role over children. **See Commonwealth v. Trippett**, 932 A.2d 188 (Pa. Super. 2007); **Commonwealth v. Vining**, 744 A.2d 310 (Pa. Super. 1999). In reviewing EWOC, Pennsylvania courts have long recognized that the legislature attempted to "prohibit a broad range of conduct in order to safeguard the welfare and security of our children." **Commonwealth v. Brown**, 721 A.2d 1105, 1106 (Pa. Super. 1998). Furthermore, "[t]he common sense of the community should be considered when interpreting the language of the statute." **Id.** at 1106–07.

**Id.** at 197-98.

In the course of her testimony in this case, C.W. described the episodes during which Appellant assaulted her. (N.T., 11/21/05, at 47-135.) At least two of those instances occurred at the home of the grandmother of

_(Footnote Continued)_ ───────────────

offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S.A. § 4304(a).

C.W.'s half-sister, T.W.[3]  On those occasions, the grandmother was present in the home, although not in the room where the assaults occurred.  The grandmother testified that she, not Appellant, was the person taking care of the girls during their visits and that Appellant was not responsible for disciplining them.  N.T., 11/23/05, at 49, 58.  However, C.W. testified as to another instance of assault that occurred at Appellant's home while Appellant's girlfriend, Gina, was in the shower.[4]  N.T., 11/21/05, at 53-58; 129-30.  A separate incident of assault occurred in the grandmother's van when the grandmother left C.W., Appellant, and Appellant's six-year old son in the van while she went to the front door of a home to pick up one of her granddaughters.  *Id.* at 65-66; 91-94.

Appellant argues that the incidents of assault in his case are similar to those in **Commonwealth v. Halye**, 719 A.2d 763 (Pa. Super. 1998), where Halye assaulted a non-relative minor victim while other adults were in the house and, consequently, was not acting as a supervisor or guardian of the child victim.  In **Halye**, this Court determined that the Commonwealth failed

---

[3] The trial court referred to C.W. and T.W. as sisters who were daughters of Appellant's brother.  However, C.W. named her parents in the course of her testimony, N.T., 11/22/05, at 48, and her father is not Appellant's brother.  Although not important for our review, it appears from the trial transcripts that C.W. and T.W. are half-sisters, although they refer to each other as sisters.

[4] Appellant and Gina married in 2004 and were married when she testified during the 2005 trial.

in its burden of proving Halye was in a supervisory position at the time of the assault, a statutory element of EWOC, and reversed Halye's conviction for that crime.

The testimony suggests Appellant was not in a supervisory role over C.W. in the grandmother's home when the grandmother was present. However, when Appellant assaulted C.W. in his own home and when he assaulted her in the grandmother's van, the grandmother was not present and there was no testimony to suggest that any adult, other than Appellant, was supervising C.W. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude the evidence was sufficient for the jury to conclude Appellant was in a supervisory position over C.W. when at least some of the assaults occurred. Because the evidence supports all elements of EWOC beyond a reasonable doubt, Appellant is not entitled to relief on his sufficiency of evidence claim.

In his third issue, Appellant claims he is entitled to a new trial because the trial court's instructions to the jury regarding the rape charge did not specify which of his three victims was the alleged victim of rape. Appellant's argument fails. Initially, as the Commonwealth argues, Appellant did not object to the trial court's charge. His failure to preserve the issue results in waiver. Pa.R.Crim.P. 647(B); *Commonwealth v. Edmondson*, 718 A.2d 751, 753 (Pa. 1998). Even if his claim were not waived, Appellant is not entitled to relief. Not only was the evidence of rape restricted to one victim,

T.W., but also the verdict form specifically identified T.W. as the alleged victim of rape. Further, the Commonwealth's closing argument made reference to T.W. with regard to the rape charge.

In its charge to the jury, the trial court addressed each of the crimes with which Appellant was charged. N.T., 11/28/05, at 89-97. The first crime addressed was rape of a child. It is true that the trial court did not mention T.W. by name when listing the elements of rape of a child. However, as noted, the evidence of rape was restricted to T.W. and the verdict form listed T.W. as the alleged victim of rape. Further, when the jury was polled after returning its verdict, the jurors were asked, "[On] Charge 1, charging [Appellant] of rape, victim being [T.W.], age under 13 years old, how do you say?" N.T., 11/29/05, at 3. The foreperson responded, "Guilty." *Id.* Appellant's suggestion that the jury did not know which victim was the victim of alleged rape is without merit.

For the reasons set forth above, Appellant is not entitled to relief. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2015

- 12 -