J-S06017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS MANUEL VELEZ-DIAZ | : | |
| | : | |
| Appellant | : | No. 643 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 29, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005859-2020

BEFORE: STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: JUNE 5, 2023**

Appellant Luis Manuel Velez-Diaz appeals from the judgment of sentence imposed after a jury found him guilty of endangering the welfare of a child (EWOC), recklessly endangering another person (REAP), fleeing or attempting to elude a police officer, accidents involving damage to attended vehicle or property, driving while operating privileges are suspended, accidents involving death or personal injury, accidents involving death or injury while not properly licensed, and aggravated assault by motor vehicle. Appellant contends that his conviction for EWOC should not have been graded as a first-degree felony because the evidence was insufficient to establish that he engaged in a course of conduct pursuant to 18 Pa.C.S. § 4304(b). After

_____

[*] Former Justice specially assigned to the Superior Court.

careful review, we vacate Appellant's judgment of sentence and remand for

resentencing.

The trial court summarized the relevant factual history of this case as

follows:

> On November 28, 2020, around 9:30 p.m., Officer Tessa Miller was in her patrol vehicle on Haines Road heading south towards Eastern Boulevard in York County when she ran the registration of a silver Ford F-150, being driven by Appellant, and found that the registered owner of the vehicle had a suspended driver's license. Officer Miller initiated a traffic stop of the Ford F-150 by turning on her patrol vehicle lights and sirens as the Ford F-150 was on East Philadelphia Street heading west towards North Hill Road, a highly populated road with a posted speed limit of 35 miles per hour. Appellant did not stop the Ford F-150 upon Officer Miller initiating a stop, but instead Appellant continued driving and turned right on North Hill Road towards Route 30. Appellant took a right onto Route 30 and continued accelerating eastbound. Route 30 has a posted speed limit of 55 miles per hour, however Appellant was driving above 70 miles per hour while Officer Miller pursued him. Officer Miller lost sight of the Ford F-150, and so she disengaged her lights and sirens at approximately 9:39 p.m. for the safety of other drivers in the area.
>
> At approximately 9:41 p.m. Officer Berry radioed that he found the Ford F-150 had caused an accident and crashed. Appellant was driving fast off the exit ramp of Route 30 and did not slow down as he approached a red traffic light, causing his Ford F-150 to T-bone Taylor Holtzinger's ("Ms. Holtzinger") Jeep Cherokee XJ. Before hitting Ms. Holtzinger's Jeep Cherokee XJ, Appellant nearly struck Steven Housseal who was driving in the vicinity of the crash.
>
> At the time of the accident, Ms. Holtzinger was driving through a green light at an intersection on Edgewood Road on her way to Target with her boyfriend, Matthew Walker ("Mr. Walker"). The impact of the crash caused Ms. Holtzinger's Jeep Cherokee XJ to flip and roll. Appellant's Ford F-150 spun out after making impact with Ms. Holtzinger's Jeep Cherokee XJ. The Jeep Cherokee XJ landed on its side and Ms. Holtzinger and Mr. Walker crawled out of the top passenger side of the vehicle. As a result of the accident, Ms. Holtzinger became unconscious, sustained a severe

concussion, and fractured her L1 Lumbar. Mr. Walker suffered a concussion, injuries to his chest requiring a procedure, bruises, and a stress fracture. Ms. Holtzinger's Jeep Cherokee XJ was totaled.

Appellant's girlfriend, Samantha Laughman ("Ms. Laughman"), and Ms. Laughman's three-year-old son were passengers in Appellant's Ford F-150 during the crash. Ms. Laughman told Appellant to pull over multiple times because her son was in the car and she feared for her life; however, Appellant continued to speed at approximately 100 miles per hour to flee from Officer Miller who was attempting to make a stop. The accident caused the driver and passengers' airbags to deploy in Appellant's Ford F-150. Immediately following the crash, Appellant and Ms. Laughman exited the Ford F-150 and fled from the scene of the accident, heading in two different directions. Ms. Laughman later returned to the Ford F-150 to retrieve her child from the vehicle.

Trial Ct. Op., 7/26/22, at 1-3 (internal citations omitted).

At the conclusion of the trial, the jury found Appellant guilty at count 1 (EWOC); count 2 (fleeing or attempting to elude a police officer); counts 3 (accidents involving damage to attended property); counts 4-6 (REAP); counts 10-11 (accidents involving death or personal injury); counts 12-13 (accidents involving death or personal injury while not properly licensed); count 15 (aggravated assault by vehicle); and count 16 (driving while operating privilege suspended or revoked).[1] *See* Verdict, 2/16/22, at 2-7.

On March 29, 2022, the trial court sentenced Appellant as follows: count 1 (EWOC), five to ten years of incarceration; count 2 (fleeing or attempting to elude a police officer), one and one-half to three years of incarceration; count

---

[1] 18 Pa.C.S. § 4304(a)(1); 75 Pa.C.S. § 3733(a); 75 Pa.C.S. § 3743(a); 18 Pa.C.S § 2705; 75 Pa.C.S. § 3742(a); 75 Pa.C.S. § 3742.1(a); 75 Pa.C.S. § 2732.1(a); and 75 Pa.C.S.§ 1543(b).

3 (accidents involving damage to attended property), twelve months of probation; count 4 (REAP), one to two years of incarceration; count 5 (REAP), one to two years of incarceration; count 6 (REAP), one to two years of incarceration; count 10 (accidents involving death or personal injury), one and one-half to three years of incarceration; count 11 (accidents involving death or personal injury), no sentence; count 12 (accidents involving death or personal injury while not properly licensed), one and one-half to three years of incarceration; count 13 (accidents involving death or personal injury while not properly licensed), no sentence; count 15 (aggravated assault by vehicle), two and one-half to five years of incarceration; and count 16 (driving while operating privilege suspended or revoked) six to twelve months of incarceration. **See** N.T., 3/29/22, at 15-17, 20. The trial court ordered count 1, count 10, and count 15 to be served consecutively and directed the remaining sentences to run concurrently. **See id.** at 17. This resulted in an aggregate sentence of nine to eighteen years of incarceration. **See id.** Appellant filed a timely notice of appeal, and both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issue:

Whether the grading of [Appellant's EWOC] conviction was improperly increased where there was no evidence presented that [Appellant] engaged in a course of conduct of abuse, as required for increasing the grade of the offense under 18 Pa.C.S. § 4304(b)(1)?

Appellant's Brief at 5.

- 4 -

Appellant argues that the evidence was insufficient to establish a course of conduct, and therefore, the trial court erred in grading Appellant's EWOC conviction as a first-degree felony pursuant to 18 Pa.C.S. § 4304(b). **See id.** at 15-19.[2]

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

**Commonwealth v. Palmer**, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted).

Additionally, Appellant's challenge to the sufficiency of the evidence impacts the grading of his EWOC conviction. **See** Appellant's Brief at 15; **see also Commonwealth v. H.C.**, 3378 EDA 2017, 2020 WL 4559118, at *9 (Pa.

---

[2] Appellant raised these issues in both his Rule 1925(b) statement and in his appellate brief. **See** Rule 1925(b) Statement, 6/24/22, at 2-3 (unpaginated); Appellant's Brief at 5, 15.

Super. filed Aug. 7, 2020) (unpublished mem.)[3] (stating that the "[a]ppellant's purported sufficiency claim on appeal is actually a challenge to the grading of his EWOC conviction."). It is well settled that a challenge to the grading of an offense implicates the legality of the sentence. ***Commonwealth v. Rivera***, 255 A.3d 497, 513 (Pa. Super. 2021). Accordingly, "our standard of review is *de novo*, and the scope of our review is plenary." ***Id.*** (citation omitted).

The Crimes Code defines EWOC, in relevant part, as follows:

**(a) Offense defined.—**

(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

\* \* \*

**(b) Grading.—**

(1) Except as provided under paragraph (2), the following apply:

(i) An offense under this section constitutes a misdemeanor of the first degree.

(ii) If the actor engaged in a course of conduct of endangering the welfare of a child, the offense constitutes a felony of the third degree.

(iii) If, in the commission of the offense under subsection (a)(1), the actor created a substantial risk of death or serious bodily injury, the offense constitutes a felony of the third degree.

---

[3] We may cite to non-precedential decisions of this Court filed after May 1, 2019, for their persuasive value. ***See*** Pa.R.A.P. 126(b).

> (iv) If the actor's conduct under subsection (a)(1) created a substantial risk of death or serious bodily injury and was part of a course of conduct, the offense constitutes a felony of the second degree.

> (2) The grading of an offense under this section shall be increased one grade if, at the time of the commission of the offense, the child was under six years of age.

18 Pa.C.S. § 4304(a), (b).

Appellant contends that his actions relative to Ms. Laughman's three-year old child, who was a passenger in Appellant's vehicle on the night of Appellant's arrest, constituted a single act. Appellant's Brief at 15. Appellant argues that this Court has held that a "single act" cannot amount to a "course of conduct," and therefore, the evidence was insufficient to support grading his EWOC conviction as a first-degree felony. *See id.* at 19-20 (citing *Commonwealth v. Popow*, 844 A.2d 13 (Pa. Super. 2004); *Commonwealth v. Kelly*, 102 A.3d 1025, 1030-31 (Pa. Super. 2014) (*en banc*)).

Initially, we note that in *Kelly*, this Court found no course of conduct under a separate statute concerning the corruption of minors.[4] In *Kelly*, the defendant simultaneously touched the child's genitals and covered the child's mouth while the defendant gave the child a bath. *Kelly*, 102 A.3d at 1027. The *Kelly* Court concluded that Appellant's actions while bathing the child constituted a single act and not a "course of conduct," which required "multiple acts over time, in the same manner in which the term is used in the

_____

[4] 18 Pa.C.S. § 6301(a)(1).

harassment, stalking[,] and EWOC statutes." *Id.* at 1031-32. Further, in *Popow*, this Court discussed the "course of conduct" language from Section 4304(b) and stated as follows:

> In *Commonwealth v. Brown*, 721 A.2d 1105 (Pa. Super. 1998), this Court interpreted other language in the [EWOC] statute, stating: "The common sense of the community should be considered when interpreting the language of the statute." *Id.* at 1106–07 [(citation omitted)]. It strains common sense to upgrade this event to a "course of conduct" when it probably took place in a matter of minutes. Additionally, criminal statutes should be construed strictly in favor of the defendant. *See* 1 Pa.C.S. § 1928(b)(1). Particularly with this offense, the logical interpretation of the legislative language in subsection (b) is that it is designed to punish a parent who over days, weeks, or months, abuses his children, such as repeatedly beating them or depriving them of food. *See, e.g., Commonwealth v. Ressler*, 798 A.2d 221 (Pa. Super. 2002) (offense of endangering the welfare of a child graded as third-degree felony where conduct occurred over a period of two years). The statute was clearly not designed for an event that occurs within minutes, or, perhaps in a given case, even hours.

*Popow*, 844 A.2d at 16–17 (some formatting altered). Appellant concludes that based on *Kelly* and *Popow*, his actions in the instant case were fleeting and amounted to only a single act. Appellant's Brief at 19-20. After review, we disagree.

First, the above-cited language from *Popow* concerning the timing of events was not directly relevant to the holding in that case. Rather, the *Popow* Court's holding was based on the conclusion that the Commonwealth failed to allege a course of conduct in the criminal information, failed to present evidence of a course of conduct at trial, and that the trial court did

not instruct the jury on course of conduct pursuant to 18 Pa.C.S. § 4304(b). *Popow*, 844 A.2d at 18 (holding that "course of conduct" is "a jury question, that impacts the grading of the offense. We cannot merely assume the jury found this additional fact when no evidence of it was presented at trial and no mention of it was made in the jury's charge.").

Recently, in *Commonwealth v. Kohr*, 1252 MDA 2018, 2019 WL 2486762 (Pa. Super. filed Jun. 14, 2019) (unpublished mem.),[5] a panel of this Court addressed the course of conduct language from *Popow*. In *Kohr*, this Court noted that although *Popow* mentioned the amount of time in which a course of conduct may occur under the EWOC statute, the *Kohr* Court did not view that language from *Popow* as binding. *Id.* at *6 n.7. The *Kohr* Court stated: "[w]hile the *Popow* Court **implied** that multiple days of abuse was required to find a course of conduct, we do not read the statute as narrowly." *Id.* (emphasis added). The *Kohr* Court then explained that the Standard Suggested Jury Instructions for EWOC, with the additional factor of a course of conduct, charges the jury that "[a] course of conduct means a pattern of actions composed of more than one act over a period of time, **however short**, evidencing a continuity of conduct[.]" *Id.* (quoting Pa. SSJI (Crim),

---

[5] We reiterate that we may cite to unpublished memorandum decisions of this Court filed after May 1, 2019, for their persuasive value. *See* Pa.R.A.P. 126(b).

§15.4304B) (some formatting altered and emphasis added).[6]  Upon review, we find the **Kohr** Court's conclusion is persuasive and conclude that a course of conduct may occur over a period of time "however short." **See Kohr**, 2019 WL 2486762 at *6, n.7.

Moreover, although Appellant is correct that the **Kelly** Court concluded that a course of conduct cannot be established by a single act, in the instant case, Appellant engaged in more than a single act.  As noted above, when Officer Miller attempted to conduct a traffic stop, Appellant fled at a high rate of speed with Ms. Laughman's three-year-old child inside his vehicle. Appellant's flight resulted in a collision with Holtzinger's car that caused injuries.  Trial Ct. Op., 7/26/22, at 1-3, 7.  Importantly, after fleeing police in his vehicle and causing this accident with a child in his car, Appellant then exited the car and fled on foot, leaving the child in the vehicle.  **See id.**  The trial court concluded that Appellant's high-speed flight, which caused the accident, followed by Appellant's subsequent decision to then flee his vehicle on foot leaving the child in the backseat, was sufficient for the jury to conclude that Appellant engaged in a course of conduct.  **See id.** at 7.

After review, we agree with the trial court.  When viewed in the light most favorable to the Commonwealth, the evidence was sufficient to establish

---

[6] In the instant case, the trial court explained course of conduct in its instructions to the jury as follows: "A course of conduct means a pattern of actions composed of more than one act over a period of time, however short, evidencing continuity of the conduct."  N.T., 2/14-16/22, at 342.  After deliberating, the jury specifically found Appellant guilty of EWOC (course of conduct).  **See id.** at 363.

a course of conduct. *See Palmer*, 192 A.3d at 89. On this record, Appellant's act of fleeing from police and crashing his vehicle, which was then followed by Appellant abandoning the vehicle with the child still inside and running away on foot, constituted more than a single act and established a course of conduct under Section 4304(b). *See Kohr*, 2019 WL 2486762, at 6; Pa. SSJI (Crim), §15.4304B.

We next address the grading of Appellant's EWOC conviction. In *Rivera*, this Court explained that in order to properly increase the grading of EWOC based on factors in Section 4304(b), the Commonwealth must include the additional factors in the criminal information, and the trial court must instruct the jury on those factors. *Rivera*, 255 A.3d at 513. The *Rivera* Court stated:

> the Commonwealth must allege in the information and present evidence at trial of the additional factor of course of conduct, and the jury must be instructed on such. . . . We cannot merely assume the jury found [an] additional fact when no evidence of it was presented at trial and no mention of it was made in the jury's charge.

*Id.* (quoting *Popow*, 844 A.2d at 18 (formatting altered)).

Therefore, in order for the crime of EWOC to be graded as a first-degree felony as it was here, the Commonwealth must allege in the criminal information that as part of a course of conduct, the defendant created a substantial risk of death or serious bodily injury to a child who was less than six years old and present evidence of these additional factors at trial, and the

- 11 -

trial court must instruct the jury on these additional factors. *See Rivera*, 255 A.3d at 513.

In the criminal information, the Commonwealth charged Appellant as follows:

> **COUNT 1: Endangering Welfare of Children - Parent/Guardian 18 Pa.C.S. 4304 (a)(1) -- Felony 1**
>
> The actor, being a parent, guardian, or person supervising the welfare of, Z.C. 3 years old, a child under eighteen (18) years of age, knowingly endangered the welfare of said child by violating a duty of care, protection or support, namely, fled police in a motor vehicle, being involved in a motor vehicle accident, and/or fleeing the scene of the accident while said victim was in the vehicle.

Criminal Information 11/28/20; Am. Criminal Information, 5/27/21. However, the Commonwealth did not allege a course of conduct and substantial risk of death or serious bodily injury in the criminal information or in the amended criminal information. *See* Criminal Information 11/28/20; Am. Criminal Information, 5/27/21.

Nevertheless, the Commonwealth's failure to adequately inform Appellant of the additional factors in this instance is subject to a harmless error analysis. *See Commonwealth v. King*, 234 A.3d 549, 563 (Pa. 2020). Here, the criminal information clearly stated that EWOC was graded as a first-degree felony. Moreover, the additional factors under Section 4304(b) which led to the increase in the gradation of EWOC were discussed at Appellant's omnibus hearing. The record reflects that the parties addressed course of conduct, substantial risk of death or serious bodily injury, and the fact that

- 12 -

because the child was less than six years old, the Commonwealth charged Appellant with EWOC graded as a first-degree felony. *See* N.T., 5/10/21, at 49-55. During the omnibus pretrial hearing, the parties specifically discussed the grading of EWOC:

> [Attorney for the Commonwealth]: The only thing I want to say with regard to the gradation of the EWOC, what it falls under is the grading subsection. It says, if the actor's conduct created substantial risk of death or serious bodily injury during a course of conduct, the offense is a felony of the second degree. But then the subsection 2 of that notes that the section is increased one grade if, at the time, the child was under six years of age. The child in this case was three years of age, Your Honor. That's how we got to the Felony 1. Even if the Court believes it's not during a course of conduct, the appropriate gradation would be a Felony 2, one gradation higher than the Felony 3.
>
> [Appellant's Counsel]: I agree with that[.]

*Id.* at 54-55 (formatting altered). The parties agreed that, in order to increase the grading of EWOC to a first-degree felony, the Commonwealth must establish all three additional factors: course of conduct, substantial risk of death or serious bodily injury, and the child was less than six years old. *See id.* at 55.

On this record, we conclude that the Commonwealth's failure to include the additional factors from Section 4304(b) in the criminal information was harmless. *See Commonwealth v. Burno*, 154 A.3d 764, 787 (Pa. 2017) (providing that harmless error occurs where the error did not prejudice the defendant or the prejudice was *de minimis*). The record reflects that the criminal information was filed on November 28, 2020, the omnibus pretrial

hearing was held on May 10, 2021, and Appellant's trial did not begin until February 14, 2022. Appellant was neither surprised by the Commonwealth seeking to increase the grade of EWOC, nor was he hampered in his ability to present a defense to the charge. Indeed, it is undisputed that Appellant had notice that the Commonwealth charged him with EWOC and that the Commonwealth intended to establish the additional factors from Section 4304(b) that raised the grade of EWOC to a first-degree felony. As such, Appellant had ample notice of the charge of EWOC and the grade the Commonwealth sought for the crime. For these reasons, we discern no prejudice to Appellant and conclude that the Commonwealth's failure to state course of conduct and substantial risk of serious bodily injury in the criminal information was harmless error under the facts presented here. *See King*, 234 A.3d at 566; *Burno*, 154 A.3d at 787.

In addition to requiring the Commonwealth to allege the additional Section 4304(b) factors in the criminal information, the *Rivera* Court also held that the trial court must instruct the jury on these factors. *See Rivera*, 255 A.3d at 513. Here, the record reveals that the trial court instructed the jury on course of conduct and with respect to the child being less than six years old. *See* N.T., 2/14-16/22, at 340-42; 18 Pa.C.S. § 4304(b)(1)(iv). However, our review of the record reflects that the trial court did not instruct the jury on creating a substantial risk of death or serious bodily injury. *See* N.T., 2/14-

16/22, at 340-42; 18 Pa.C.S. § 4304(b)(1)(iv).[7] The trial court instructed the

jury on EWOC as follows:

> The first charge is endangering the welfare of children. [Appellant] has been charged with endangering the welfare of the child by violating a duty of care, protection, or support.
>
> First, you must find that [Appellant] endangered the welfare of a child by violating a duty of care, protection, or support.
>
> Second, that [Appellant] endangered the welfare of that child knowingly. A person's conduct is knowing if he is aware that it is practically certain that his conduct will cause a particular result.
>
> Third, that at the time, [Appellant] was a parent, guardian, or person supervising the welfare of a child under the age of 18. The term person supervising the welfare of a child means a person other than a parent or guardian that provides care, education, training, or control of the child.
>
> Fourth, that the child was under the age of 18 at the time of the endangering.
>
> After considering all of the evidence, you find the Commonwealth has established beyond a reasonable doubt that [Appellant] endangered the welfare of the child and has satisfied the elements I've now given you, you must find [Appellant] guilty of that offense. Otherwise, you must find [Appellant] not guilty.
>
> If you find [Appellant] guilty, you also must find special circumstances, and I said that on the verdict slip, you'll see, do you find [Appellant] guilty or not guilty of endangering the welfare of a child. If you check guilty, you must find the special circumstance. One, whether the child was under the age of six years, and whether [Appellant] engaged in a course of conduct of

---

[7] Appellant did not argue that the trial court failed to instruct the jury on creating a substantial risk of death or serious bodily injury. However, this directly implicates the grading of Appellant's EWOC conviction and impacts the legality of Appellant's sentence. Accordingly, we may address this issue *sua sponte*. **See Rivera**, 255 A.3d at 513 (explaining that the legality of a sentence may be reviewed by this Court *sua sponte*).

endangering the welfare of a child by violating a duty of care, protection, or support.

A course of conduct means a pattern of actions composed of more than one act over a period of time, however short, evidencing continuity of the conduct.

N.T., 2/14-16/22, at 340-342.[8]  Here, creating a substantial risk of death or serious bodily injury is not mentioned in the instruction, and as noted above, the **Rivera** Court explained that we cannot merely assume the jury found an additional fact.  **Rivera**, 255 A.3d at 513.

Indeed, before the jury may find that the Commonwealth established the factors set forth in Section 4304(b), those factors must be included in the trial court's jury charge.  **Id.**  It is well settled that "the trial court must frame

---

[8] The additional factor of creating a substantial risk of death or serious bodily injury was not mentioned in the verdict slip that the trial court referenced. With respect to EWOC, the verdict slip stated only as follows:

If you find [Appellant] guilty of Endangering Welfare of Children, please indicate by circling below whether you find that the child was under the age of six years old:

A. YES

B. NO

If you find [Appellant] guilty of Endangering Welfare of Children, please indicate by circling below whether you also find beyond a reasonable doubt that [Appellant] engaged in a course of conduct of endangering the welfare of the child:

A. YES

B. NO

Verdict Slip at ¶1.  The completed verdict slip reflects that "yes" was circled with respect to each question.  **See id.**

the legal issues for the jury and instruct the jury on the applicable law, [however] it must not usurp the power of the jury to be sole judge of the evidence." ***Commonwealth v. Proctor***, 156 A.3d 261, 269 (Pa. Super. 2017) (quoting ***Commonwealth v. Leonhard***, 485 A.2d 444, 446, (Pa. Super. 1984)).  Moreover, the jury is instructed on the law by the trial court and not by counsel. ***See, e.g., Commonwealth v. Travaglia***, 661 A.2d 352, 361, (Pa. 1995).  The nature of the trial court's jury instructions is within the discretion of the court, so long as the court accurately instructs the jury on the appropriate legal principles involved. ***Commonwealth v. Wilson***, 273 A.3d 13, 22–23 (Pa. Super. 2022) (citation omitted).  The most important factor is "that the charge clearly, adequately, and accurately presents the law to the jury for its consideration." ***Id.*** (citation omitted).

Because the additional factor concerning substantial risk of serious bodily injury was not included in the jury instructions, the trial court did not properly instruct the jury on this factor for its deliberations.  Therefore, we conclude that the trial court erred when it sentenced Appellant to first-degree felony EWOC.  As such, it is an illegal sentence, even though the Commonwealth provided Appellant adequate notice of its intent to prove first-degree felony EWOC, because the trial court did not present legal instruction concerning the substantial risk of serious injury factor to the jury for its consideration. ***See Rivera***, 255 A.3d at 513.

We note that on this record, there is sufficient support for the jury to find a course of conduct and that the child was less than six years old.  Further,

the trial court instructed the jury on the law concerning these factors, but a conviction based on these factors would limit the increase of the EWOC offense grading from a first-degree misdemeanor to a second-degree felony. **See** 18 Pa.C.S. § 4304(b). For these reasons, we are constrained to vacate Appellant's first-degree felony EWOC sentence as it is an illegal sentence and remand for resentencing as second-degree felony EWOC. **See Rivera**, 255 A.3d at 513 (vacating conviction and remanding for resentencing where EWOC was improperly graded and the sentence was illegal because the trial court failed to give a proper instruction on the offense); **see also Commonwealth v. Hoffman**, 198 A.3d 1112, 1126 (Pa. Super. 2018) (vacating and remanding for resentencing where the trial court did not instruct the jury on a factor that increased the grading of the offense resulting in an illegal sentence).

Because vacating the sentence imposed for first-degree felony EWOC would disrupt the sentencing scheme in this case we vacate Appellant's judgment of sentence in its entirety and remand for resentencing consistent with this memorandum. **Commonwealth v. Motley**, 177 A.3d 960, 963 (Pa. Super. 2018) (citing **Commonwealth v. Thur**, 906 A.2d 552, 569–70 (Pa. Super. 2006) (stating that if this Court's "disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan" (citation omitted)).

For these reasons, we vacate Appellant's judgment of sentence and remand for resentencing on all counts, with Appellant's EWOC conviction

graded as second-degree felony. *Rivera*, 255 A.3d at 513; 18 Pa.C.S. § 4304(b)(1).

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judge Stabile joins the memorandum.

PJE Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/05/2023