J-S30034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PIERRE DEJESUS | : | |
| | : | |
| Appellant | : | No. 1414 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 4, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003125-2022

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED SEPTEMBER 5, 2025**

Appellant, Pierre DeJesus, appeals the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County after the trial court found him guilty of aggravated assault, possession of firearm by a prohibited person, carrying a firearm without a license, carrying firearms on public streets or public property in Philadelphia, possessing an instrument of crime, recklessly endangering another person, and simple assault.[1] He challenges the sufficiency of evidence to support his conviction of aggravated assault,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(1), 6105(a)(1), 6106(a)(1), 6108, 907(a), 2705, and 2701(a), respectively.

alleging the Commonwealth failed to disprove the self-defense justification he raised at trial, pursuant to 18 Pa.C.S. § 505. Upon review, we affirm.

At around 11:00 a.m. on February 2, 2022, Appellant and his longtime friend, Jerome McDonald, were traveling in McDonald's white paratransit work bus, looking to purchase marijuana near the 1800 block of East Pacific Street in Philadelphia. *See* N.T. Trial, 10/30/23, 15-16. Shortly after pulling onto that block, Appellant and McDonald got out of the bus and walked to the corner to look for a drug dealer. *See id.* at 55. While Appellant and McDonald were waiting there, a white Chrysler 300 pulled up with two passengers. *See id.* at 16, 40-41. Before the driver of the Chrysler 300 exited his vehicle, Appellant returned to the parked bus and retrieved a white bag, containing his gun. *See id.* at 16-17; Commonwealth Trial Exhibit C1 (Surveillance Video) at 3:19-32.

The Chrysler 300 driver, Roberto Morell, got out of his car and walked to the corner where Appellant and McDonald were standing. *See* N.T. Trial, 10/30/23 at 17. Initially, Appellant, McDonald, and Morell had a pleasant interaction. *See id.* at 17-18. However, this interaction quickly became heated between Appellant and Morell. *See id.* at 19. Morell believed that Appellant owed him money, and Morell wanted to collect it. *See id.* Appellant stated that he did not owe Morell money and was not going to pay him, which caused Morell to grow frustrated. *See id.*

At the end of their exchange, Morell threatened to "get his shit," turned around, and proceeded toward his car. N.T. Trial, 10/30/23, 19. The

passenger was still in the car. *See id.* Morell did not make any threats to Appellant while walking back to his car. *See id.* at 20. As Morell began to enter his car, crouching to get into the driver's seat, Appellant quickly approached in a shooter's stance, with both hands on the gun and arms extended, and began firing his gun, shooting at least twelve times. *See id.* at 20-21. When Appellant fired through the windshield of the car, the front seat passenger fled the scene. *See id.* at 40-41, 45.

Morell attempted to drive away, and Appellant continued to shoot at him, by now standing just outside of the driver's side of the car. *See* Commonwealth Trial Exhibit C1 (Video Surveillance) at 4:49-57. Despite being shot repeatedly, Morell managed to drive himself to St. Christopher's Hospital and was later transferred to Temple University Hospital. *See* N.T. Trial, 10/30/23, 69, 107. Appellant and McDonald left the crime scene, and Appellant admitted to McDonald that "[h]e's not going to let nobody do nothing to him." *Id.* at 46. Three days after the shooting, McDonald told Appellant that Morell survived. *See id.* at 30. Appellant said, "[h]e was going to take care of it", implying he was going to kill Morell. *Id.* at 30-31.

Morell survived but suffered twelve gunshot wounds: four to his left arm, two to his left armpit, one to his left thigh, three to his right buttock, one to his left buttock, and one to his left hip flank. *See* N.T. Trial, 10/30/23, 107-109; Commonwealth Trial Exhibit C39 (Morrell Medical Records). Initially, a search warrant was executed on Morell's car, and no firearm was found. *See*

N.T. Trial, 10/30/23, 78. When police officers searched through the car, they found four bullet holes in the front windshield and seven bullet holes in the front driver's side window. *See id.* at 74-84; Commonwealth Trial Exhibit C13: A-P (Chrysler 300 Photographs). During a subsequent search, a handgun was discovered concealed behind the glove box, a location so hidden it required being at seat level to see it. *See* N.T. Trial, 10/30/23, 81.

On March 20, 2022, Appellant was arrested and charged with the above-referenced offenses and attempted murder.[2] On October 30, 2023, Appellant waived his right to a jury trial, and a bench trial was held. *See* Written Jury Trial Waiver Colloquy, 10/30/23. Surveillance video footage captured the shooting, and the Commonwealth presented this video footage at trial. *See* N.T. Trial, 10/30/23, 21; Commonwealth Trial Exhibit C1 (Surveillance Video). The Commonwealth also introduced Appellant's police interview. N.T. Trial, 10/30/23, 96-97; Commonwealth Trial Exhibit C35B (Appellant Police Statement Video).[3] Only McDonald, the eyewitness, and Detective Anthony Anderson of the Philadelphia Police Department testified. *See* N.T. Trial, 10/30/23, 12-68 (Eyewitness Testimony), 68-107 (Anderson Testimony). Certified medical records and photographs confirmed that Morell had suffered

---

[2] 18 Pa.C.S. §§ 901(a), 2502.

[3] Appellant stated to the police that he was defending himself when he shot Morell. *See* Commonwealth Trial Exhibit C35B at 14:48.

- 4 -

twelve gunshot wounds. ***See id.*** at 107-110. Additionally, the Commonwealth established that Morell was **not** carrying a firearm at the time of the shooting and was wearing a bulletproof vest. ***See*** N.T. Trial, 10/30/23, 26-27, 85.[4] Consistent with the video evidence, Appellant's handgun was concealed in a bag prior to the shooting. ***See*** Commonwealth Trial Exhibit C1 (Video Surveillance), 3:19-32.

The trial court found Appellant guilty of all charges, except attempted murder. ***See*** N.T. Trial, 10/30/23, 138. On January 4, 2024, the trial court sentenced Appellant to six to fifteen years of incarceration for aggravated assault, with a concurrent term of six to fifteen years of incarceration for the possession of a firearm by a prohibited person, with no further penalty on the remaining convictions. ***See*** Order (sentencing), 1/4/24, 1; N.T. Sentencing Hearing, 1/4/24, 25. On January 7, 2024, Appellant filed a post-sentence motion which was denied by operation of law on May 8, 2024. ***See*** Order, (post-sentence motion), 1/7/24; Order (denying post-sentence motion by operation of law), 5/6/24.[5]

_____

[4] At the end of trial, the parties stipulated that Appellant did not have a license to carry a firearm and was ineligible to do so due to a prior conviction. ***See*** N.T. Trial, 10/30/23, 107; Commonwealth Trial Exhibits C37 (Certificate of Appellant's Non-Licensure), 38 (Court Summary of Appellant's Prior Conviction).

[5] Because the 120th day from the filing of the post-sentence motion fell on Saturday, May 4, 2024, the denial of the post-sentence motion by operation of law should have been docketed on Monday, May 6, 2024. ***See*** Pa.R.Crim.P.
*(Footnote Continued Next Page)*

Appellant timely filed a notice of appeal, and a court-ordered concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and the trial court filed a responsive opinion. *See* Notice of Appeal, 5/20/24; Rule 1925(b) Order, 5/24/24, 1; Rule 1925(b) Statement, 6/13/24; Trial Court Opinion, 7/15/24. Based upon Appellant's request, this Court remanded this matter, and Appellant filed an amended Rule 1925(b) statement. *See* Application for Remand, 8/6/24; Order (remand jurisdiction retained), 8/22/24; Amended Rule 1925(b) Statement, 9/17/24. The trial court thereafter filed an amended second opinion. *See* Trial Court Opinion, 10/22/24.[6]

---

101(c) (incorporating by reference the rules of construction in the Pennsylvania Rules of Judicial Administration including Pa.R.J.A. 107(a)-(b), relating to computation of time for the rule of construction relating to the exclusion of the first day and inclusion of the last date of a time period and the omission of the last day of a time period which falls on Saturday, Sunday, or a legal holiday); Pa.R.Crim.P. 720(B)(3)(a) (noting that a post-sentence motion shall be deemed denied by operation of law if the judge fails to decide the motion within 120 days). Instead, the trial court docketed the denial of the post-sentence motion, by operation of law, on May 8, 2024. *See* Order (post-sentence motion denial), 5/8/24, 1. This two-day discrepancy has no bearing on the timeliness of this appeal.

[6] Appellant noted in his brief that, upon his review of the evidence, he would not argue his second issue in his amended statement of errors. *See* Appellant's Brief, 12, fn. 12. That issue is therefore waived for our purposes. *See Commonwealth v. McGill*, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding abandoned claim waived on appeal).

Appellant presents one question for our review: "Whether the Commonwealth met its burden to disprove [Appellant's] self-defense claim beyond a reasonable doubt[?]" Appellant's Brief, 4.

Appellant argues that he satisfied all elements required for a justification defense, as he reasonably believed deadly force was necessary, did not provoke the use of force, and had no duty to retreat. *See* Appellant's Brief, 11. He avers, that since the Commonwealth failed to disprove his self-defense claim beyond a reasonable doubt, the evidence was insufficient to convict him of aggravated assault. *See id.* at 12. Therefore, he asserts that the judgment of sentence must be vacated. *See id.* We do not agree with his evaluation of the evidence.

A challenge to the sufficiency of evidence presents a question of law for which our standard of review is *de novo*, and our scope of review is plenary. *See Commonwealth v. Ewida*, 333 A.3d 1269, 1279 (Pa. Super. 2025). In reviewing a challenge to the sufficiency of evidence, our standard review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner[,] giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the Appellant's convictions will be upheld.

*Commonwealth v. Johnson*, 327 A.3d 265, 268 (Pa. Super. 2024) (quoting

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa. Super. 2019)).

The use of force against a person is justified when the actor believes that such force is immediately necessary for protecting himself against the use of unlawful force by another. *See* 18 Pa.C.S. § 505(a). A claim of self-defense or justification requires evidence establishing three elements: (1) that the defendant reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm; (2) that the defendant was free from fault in provoking the difficulty which culminated in the slaying; and (3) that the defendant did not violate any duty to retreat. *See Commonwealth v. Mouzon*, 53 A.3d 738, 740 (Pa. 2012); 18 Pa.C.S. § 505(a). If a defendant introduces evidence of self-defense, the Commonwealth bears the burden of disproving the claim beyond a reasonable doubt. *See Commonwealth v. Houser*, 18 A.3d 1128, 1135 (Pa. 2011).

> In order to disprove self-defense [or defense of others], the Commonwealth must prove beyond a reasonable doubt one of the following elements: (1) that the defendant did not reasonably

believe it was necessary to kill in order to protect himself [or others] against death or serious bodily harm, or that the defendant used more force than was necessary to save himself [or others] from death, great bodily harm, or the commission of a felony; (2) that the defendant provoked the use of force; or (3) that the defendant had a duty to retreat and that retreat was possible with complete safety. *See* 18 Pa.C.S.[] § 505(b)(2). If the Commonwealth establishes any one of these three elements beyond a reasonable doubt, then the conviction is insulated from a defense challenge to the sufficiency of the evidence where self-protection [or protection of others] is at issue.

*Commonwealth v. Kennedy*, 332 A.3d 133, 141 (Pa. Super. 2025) (quoting

*Commonwealth v. Burns*, 765 A.2d 1114, 1148-49 (Pa. Super. 2000)).

Appellant argues that he reasonably believed using deadly force was essential to protecting himself and that the trial court erred in determining he used more force than necessary. *See* Appellant's Brief, 14. Appellant argues the evidence supports the first element of his self-defense claim because he reasonably feared for his life and believed immediate force was necessary. *See id.* This fear was based on the following: Appellant had been shot four months prior in a similar dispute over money and drugs, Morell was wearing a bulletproof vest and had another person in the car with him, and, when Appellant refused to give him the money, Morell made both explicit and implicit threats. *See id.* at 6-7, 14.

The trial court rejected this argument in its Rule 1925(a) opinion as follows:

Although Appellant might have been afraid of [] Morell, Appellant still needs to show that he believed that his force was immediately necessary, which is not the case here. Prior to the shooting, [] Morell made no threats to Appellant and was in the process of

walking away from Appellant. Once [] Morell started to get into his vehicle, Appellant opened fire while rushing towards [] Morell. After Appellant repeatedly shot [] Morell, Appellant fled the scene in [McDonald's bus]. When [McDonald] asked why Appellant shot [] Morell, Appellant said that "[I'm] not going to let nobody do nothing to [me]." Both the testimony and video evidence show that [] Appellant used far more force than would have been necessary to save himself from any threat [] Morell might have been at the time of the shooting.

Trial Court Opinion, 10/22/24, 8 (record citation and footnotes omitted).

Based on our review of the record, and viewing the evidence in the light most favorable to the Commonwealth, the verdict winner, we agree with the trial court that the evidence was sufficient to sustain Appellant's conviction for aggravated assault. *See Johnson*, *supra*. Further, we agree with the trial court's reasoning; there is sufficient evidence to show that Appellant used more force than necessary. *See Burns*, 765 A.2d at 1148-49. The Commonwealth presented evidence that Appellant shot Morell a total of twelve times, even as Morell drove away and well after the passenger in Morell's car had run away. *See* Commonwealth Trial Exhibit C1 (Surveillance Video) at 4:49-57; *Commonwealth v. Smith*, 97 A.3d 782, 787 (Pa. Super. 2014) (stating the Commonwealth can negate a justification claim by establishing defendant used more force than reasonably necessary to protect against death or serious bodily injury) (citing *Commonwealth v. Truong*, 36 A.3d 592, 599 (Pa. Super. 2012) (*en banc*)); 18 Pa.C.S. § 505. Therefore, Appellant's argument that he used necessary force to defend himself fails.

Next, Appellant argues he did not provoke the use of force because Morell provoked the incident, and he was "not at fault for provoking the difficulty that culminated in the shooting." Appellant's Brief, 16. We disagree. Upon reviewing the evidence, Appellant created clear and imminent harm by firing at Morell without meaningful provocation. **See Smith**, 97 A.2d at 787 ("To claim self-defense, the defendant must be free from fault in provoking or escalating the altercation that led to the offense, before the defendant can be excused from using deadly force."). Appellant retrieved his gun after seeing Morrell arrive in his car. **See** N.T. Trial, 10/23/30, 17; Commonwealth Trial Exhibit C1 (Video Surveillance) at 3:19-32. Although it is unclear who started the argument, Appellant fired first and no other gun was visible. **See** N.T. Trial, 10/23/30, 27. He shot at Morrell while he was getting into the driver's seat and continued shooting as he approached, even though Morrell did not return fire. **See** Commonwealth Trial Exhibit C1, 4:49-57. Accordingly, this argument has no merit.

Finally, Appellant argues that the Commonwealth did not prove he had a duty to retreat. **See** Appellant's Brief, 17. He cites **Commonwealth v. Baynard**, 309 A.2d 579 (Pa. 1973), which states a person must avoid using deadly force if they know of a safe way to escape, but they are not required to retreat if doing so would increase their danger. **Id.** at 582. Appellant asserts that he reasonably believed he was in danger from Morell, who had access to

a car and a firearm. Therefore, Appellant had no duty to retreat. **See** Appellant's Brief, 17.

Appellant's argument that he had no duty to retreat hinges on his belief that he was in imminent danger from Morell. While he cites **Baynard** to support his argument that he could not retreat, the evidence presented at trial undermines that claim. Specifically, Appellant walked about half a block to McDonald's paratransit bus to retrieve a bag, containing his gun, prior to Morell getting out of his vehicle. **See** N.T. Trial, 10/30/23, 59-60; Commonwealth Trial Exhibit C1 (Video Surveillance) at 3:19-32. Indeed, Appellant presented no evidence at trial that fleeing on the bus or elsewhere would have exposed him to any potential harm. **See Commonwealth v. Ventura**, 975 A.2d 1128, 1143 (Pa. Super. 2009) ("The use of deadly force, cannot be used where there is an avenue of retreat, if the defendant knows the avenue of retreat is available."). Appellant may have anticipated that Morell was retrieving a gun, but he had not done so by the time Appellant began shooting. We agree with the trial court's analysis and find the Commonwealth disproved Appellant's justification defense beyond a reasonable doubt. **See Burns**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/5/2025